UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEAN O'SULLIVAN, M.D.** | **CIVIL ACTION NO. _____** |
| **Plaintiff,** | **SECTION " "** |
| **VERSUS** | **JUDGE** |
| **SUNIL GUPTA, M.D., LLC (d/b/a RETINA SPECIALTY INSTITUTE), SUNIL GUPTA, MAGDALENA SHULER, JOHN MYERS, and ALAN FRANKLIN,** | **MAG. DIV (  )** |
| | **MAGISTRATE JUDGE** |
| **Defendants.** | |

## COMPLAINT

Plaintiff, Sean O'Sullivan, M.D., files the following Complaint for Declaratory Judgment and for Damages against Defendants, Sunil Gupta, M.D., LLC (d/b/a Retina Specialty Institute and hereinafter "RSI" or "the Company"), Sunil Gupta, Magdalena Shuler, John Myers, and Alan Franklin. In support of this Complaint, Plaintiff respectfully alleges and avers as follows:

## PARTIES

1.     Plaintiff, Patrick Sean O'Sullivan ("Plaintiff O'Sullivan"), is a natural person of the age of majority and is a Board Certified Ophthalmologist with a fellowship, training and experience in retina surgery. Plaintiff O'Sullivan is currently employed by the Company, working at two of its locations in Metairie and Covington, Louisiana. Plaintiff O'Sullivan is a Louisiana citizen, who resides in Orleans Parish, Louisiana.

2.     Defendant, Sunil Gupta, M.D., LLC ("RSI" or the "Company"), is engaged in the practice of medicine, specifically the specialty of ophthalmology, with offices in Northwestern

Florida, Southern Alabama, Southern Mississippi, and Louisiana.  Defendant, Sunil Gupta, M.D., LLC, is a Delaware limited liability company with its principal place of business in Florida.  It has four members, Sunil Gupta, Magdalena Shuler, John Myers, and Alan Franklin.

3. Defendant, Sunil Gupta (hereinafter "Gupta"), is an ophthalmologist, partner, and a managing member of the Company.  Gupta is a Florida resident citizen.

4. Defendant, Magdalena Shuler (hereinafter "Shuler"), is an ophthalmologist, partner, and managing member of the Company.  Shuler is a Florida resident citizen.

5. Defendant, John Myers (hereinafter "Myers"), is an ophthalmologist, partner, and a managing member of the Company.  Myers is a Florida resident citizen.

6. Defendant, Alan Franklin (hereinafter "Franklin"), is an ophthalmologist, partner, and a managing member of the Company.  Franklin is an Alabama resident citizen.

## JURISDICTION AND VENUE

7. Plaintiff asserts that jurisdiction is proper in this Honorable Court pursuant to diversity jurisdiction, 28 U.S.C. §1332.  Plaintiff O'Sullivan is a citizen of the State of Louisiana.  As a limited liability company, the citizenship of Defendant RSI is based on the citizenship of its members.  RSI has four members, Sunil Gupta, Magdalena Shuler, John Myers, and Alan Franklin, who are each individually named defendants, and are citizens of Florida or Alabama.  No member of RSI (all of whom are individually named defendants) is a Louisiana citizen.  Because no Defendant is a citizen of Louisiana, and Plaintiff is a citizen of Louisiana, the parties are completely diverse, such that this Court has jurisdiction.

8. Plaintiff O'Sullivan expressly asserts that the amount in controversy exceeds the $75,000 jurisdictional threshold. Specifically, Defendant RSI breached its contracts with Plaintiff O'Sullivan by failing to make him a partner in accordance with the terms of the Employment Agreement.  RSI's unjustified failure in this regard caused Plaintiff O'Sullivan to

lose out on more than $75,000.00 in salary and bonuses, exclusive of interest and cost. Furthermore, upon information and belief, the individual Defendants received distributions that included the buy-in partnership monies that RSI withheld and bonus monies to which Plaintiff O'Sullivan was entitled. These individual defendants were not entitled to these monies because RSI failed to make Plaintiff O'Sullivan a partner, as required by the Employment Agreement, and because the bonus pay solely belonged to him. These wrongfully withheld funds, standing alone, exceed $75,000.00, exclusive of interest and costs. Finally, for purposes of Plaintiff O'Sullivan's request for a declaration that the non-competition and non-solicitation portions of the Non-Competition and Non-Solicitation Agreement are void under Louisiana law, the amount in controversy is the value of the right to be protected and/or the extent of the injury to be prevented. In this case, Plaintiff O'Sullivan's compensation under the parties' Employment Agreement is a reasonable measure of the value of the declaratory relief claim. Plaintiff O'Sullivan's compensation, even as a non-partner, exceeds the $75,000 threshold.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b). Defendant RSI has offices in St. Tammany Parish and Jefferson Parish, Louisiana.

10. Specifically, after accepting the offer of employment, Plaintiff O'Sullivan, who resides in Orleans Parish, worked for the Company at its Covington and Metairie, Louisiana locations. Orleans Parish, St. Tammany Parish and Jefferson Parish are all within the Eastern District of Louisiana, such that venue is proper in this Court.

## FACTUAL BACKGROUND

11. In November 2012, Plaintiff O'Sullivan became an employee of RSI and entered into a Physician Employment Agreement with Defendant Company (the "Employment Agreement").

12. On November 12, 2012, Plaintiff O'Sullivan was required to sign and did sign a "Noncompetition and Nonsolicitation Agreement" that, according to the first paragraph, became effective in 2012.

13. Plaintiff O'Sullivan was required to sign the Noncompetition and Nonsolicitation Agreement and did, in fact, sign the Agreement in reliance (in part) on Defendant Company's representations that it would comply with and abide by the duties and obligations required of it in the Employment Agreement, including, but not limited to, the Company's duty and obligation to timely complete Plaintiff O'Sullivan's buy-in to the Company.

14. Under Paragraph 2.B. of the Employment Agreement, the Company represented that it would advise Plaintiff O'Sullivan by June 30, 2014, if it intended to allow Plaintiff O'Sullivan to purchase an equity membership in the Company.

15. Paragraph 2.C. of the Employment Agreement states that the negotiations for the purchase of membership interest in the Company were "expected to be completed no later than [October 30, 2014], with the resulting terms being reduced to a letter of intent," with the contemplated execution of final paperwork "no later than [January 1, 2015]."

16. On January 1, 2015, Defendant Company began deducting and taking Buy-In funds from Plaintiff O'Sullivan's compensation, implicitly acknowledging that Plaintiff O'Sullivan was purchasing an equity membership interest in the Company.

17. Plaintiff O'Sullivan has paid and Defendant Company has accepted Buy-In funds for two years; however, Defendant Company has breached its contractual duties and obligations to provide the requisite equity membership papers to Plaintiff O'Sullivan.

18. By letter dated September 28, 2016, counsel for Plaintiff O'Sullivan wrote a letter to Defendant Company requesting a signed copy of Plaintiff O'Sullivan's partnership papers by a certain date.

19. Counsel for Defendant Company responded to the September 28, 2016 letter by letter dated October 3, 2016, acknowledging the parties' understanding that partnership buy-In negotiations were due to be completed, but stating, in part, that Plaintiff O'Sullivan could not Buy-In as a partner until the Company completed a fiscal audit in 2020. As of the date of filing of this Complaint, Defendants have not provided Plaintiff with the requisite documents for Plaintiff's buy-in.

## COUNT ONE

### (Declaratory Judgment against the Company)

20. Plaintiff O'Sullivan adopts and incorporates the above-referenced allegations as if fully set forth herein.

21. Pursuant to and consistent with 28 U.S.C. §2201, there is a substantial and continuing controversy between parties having adverse legal interests, namely Plaintiff O'Sullivan and Defendant Company and its members, regarding the legal validity and enforceability of the Noncompetition and Nonsolicitation Agreement signed by Plaintiff O'Sullivan on November 12, 2012.

22. As a condition of Plaintiff's employment with RSI, Plaintiff signed a "Noncompetition and Nonsolicitation Agreement" with RSI.

23. The Noncompetition and Nonsolicitation Agreement contains, *inter alia,* the following relevant provisions for purposes of Plaintiff's request that this Court issue a judgment declaring that various provisions of the Parties' Noncompetition and Nonsolicitation Agreement are null and void: 1) covenant not to compete in the alleged "Restrictive Territory"; 2) covenant

not to solicit patients in the alleged "Restrictive Territory"; 3) automatic extension of the "Restrictive Period"; and 4) liquidated damages provision. The Noncompetition and Nonsolicitation Agreement provides that it will be governed by and construed in accordance with the laws of the State of Louisiana.

24. By way of example, the Noncompetition and Nonsolicitation Agreement does not identify the "specified parish or parishes, municipality or municipalities, or parts thereof," for purposes of defining the purported geographic scope of the "Noncompetition and Nonsolicitation Agreement" as required by the Louisiana Noncompete Statute, La. R.S. § 23:921. Accordingly, the "Restrictive Territory" as defined in the Noncompetition and Nonsolicitation Agreement "to include the geographical area inside of a fifty (50) mile radius of any office or facility of Employer which exists or existed at any time during the Employment relationship," does not comply with the statutory requirements. The failure to clearly, properly, and specifically identify the geographical limitations related to the purported restrictions on competition and purported restrictions on solicitation[1] renders those provisions of the Agreement null and void.

25. Similarly, the Agreement's inclusion of an "Automatic Extension of Restrictive Period," which purports to automatically extend the Noncompetition and Nonsolicitation Agreement for "whatever length of time" under certain circumstances, violates the statutory requirement that such noncompete/nonsolicitation agreements may not "exceed a period of two years from termination of employment."

26. Moreover, the liquidated damages provision is related to the enforcement of the noncompetition provisions in the parties' Agreement. Since the noncompetition provisions are null and void under Louisiana law, the liquidated damages provision is also null and void.

---

[1] In fact, one provision of the Agreement related to the solicitation of patients does not have any geographical restriction and is therefore null and void.

- 7 -

27. Louisiana has a strong public policy against noncompetition agreements which prohibit former employees from competing with a former employer; the statute expressly provides, in relevant part, that "[e]very contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade or business of any kind, except as provided in this section, shall be null and void." La. R.S. § 23:921(A)(1).

28. Based on the fact that the Agreement fails to identify the specified parishes and/or municipalities for purposes of the geographical scope of the Agreement, and contains an overly broad temporal limitation, Plaintiff respectfully requests that the Court declare that these provisions, as well as the liquidated damages provision, are legally invalid and unenforceable. The provisions governing "Covenant Not to Compete," "Covenant Not to Solicit or Disclose," "Restrictive Territory," "Automatic Extension of Restrictive Period" and "Liquidated Damages" do not comply with Louisiana law and public policy, and are therefore, legally null and void.

29. A declaration of the parties' rights and duties under the Noncompetition and Nonsolicitation Agreement is both appropriate and necessary in order to resolve the dispute between the parties as to whether Plaintiff O'Sullivan is subject to the relevant terms and conditions of the Noncompetition and Nonsolicitation Agreement and corresponding liquidated damages clause.

## COUNT TWO

### (Breach of Contract)

30. Plaintiff O'Sullivan adopts and incorporates the above-referenced allegations as if fully set forth herein.

31. The Employment Agreement provides that Plaintiff O'Sullivan is to be made a partner.

32. Plaintiff O'Sullivan has fulfilled his obligations under the Employment Agreement by performing services and paying the purchase price for a partnership interest in the Company.

33. RSI breached the Employment Agreement by failing to timely provide executed partnership papers to Plaintiff O'Sullivan.

34. Defendants Gupta, Shuler, Franklin and/or Myers have received the funds which are the purchase buy-in price by virtue of Company distributions to its members for calendar years 2015 and 2016.

35. Defendants Gupta, Shuler, Franklin and/or Myers are not legally or contractually entitled to those funds, since the Company breached the Employment Agreement by failing to make Plaintiff O'Sullivan a partner in accordance with the terms of that Agreement.

36. Defendants Gupta, Shuler, Franklin and/or Myers have been unjustly enriched by the funds and/or are holding those funds in a constructive trust on behalf of Plaintiff O'Sullivan.

37. In addition, the Employment Agreement includes a formula bonus calculation.

38. Plaintiff O'Sullivan has fulfilled his obligations under the bonus formula by providing ophthalmology services to RSI's patients.

39. RSI has breached the formula bonus provisions of the Employment Agreement by improperly calculating Plaintiff O'Sullivan's bonus to his detriment, and failing to provide relevant information about the overhead allegations.

40. Defendants Gupta, Shuler, Franklin and/or Myers have received the funds which are the incentive bonus by virtue of company distributions to its members for calendar years 2015 and 2016.

- 9 -

41. Defendants Gupta, Shuler, Franklin and/or Myers are not legally or contractually entitled to those funds, as they belong to Plaintiff O'Sullivan.

42. Defendants Gupta, Shuler, Franklin and/or Myers have been unjustly enriched by the funds and/or are holding those funds in a constructive trust on behalf of Plaintiff O'Sullivan.

43. Plaintiff O'Sullivan has been damaged in that he has received less compensation than was owed.

44. As a result of these foregoing contractual breaches by RSI and inequitable conduct by the individual Defendants, Plaintiff O'Sullivan has suffered monetary damages in excess of $75,000.00, exclusive of interest and cost.

## COUNT THREE

### (Breach of Duty of Good Faith)

45. Louisiana Civil Code Article 1759 provides that "[g]ood faith shall govern the conduct of the obligor and the obligee in whatever pertains to the obligation." Likewise, Louisiana Civil Code Article 1983 mandates that contracts "must be performed in good faith."

46. Defendants have willfully breached their obligations as set forth in the aforementioned provisions of the parties' Employment Agreement and/or Noncompetition and Nonsolicitation Agreement.

47. As a result of Defendants' breaches of their duty of good faith performance, Plaintiff is entitled to damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff O'Sullivan respectfully prays that after all due proceedings are had, that the Court do the following:

A. Enter judgment in favor of Plaintiff O'Sullivan and against Defendants;

B.  Declare that various provisions of the Noncompetition and Nonsolicitation Agreement signed by Plaintiff O'Sullivan, including but not limited to, the non-competition, non-solicitation, restrictive territory, automatic extension of restrictive period, and the liquidated damages provisions, are invalid and unenforceable; that Plaintiff O'Sullivan is entitled to freely practice as a medical doctor, including continuing to practice in the specialized field of Ophthalmology and performing retina surgery; that there are no geographic or temporal restrictions on Plaintiff's ability to practice Ophthalmology; and to perform retina surgery; and that Plaintiff will not be subject to the liquidated damages provision should he cease to work for the Company for any reason;

C.  Awarding to Plaintiff his damages for Defendants' breaches of their contractual duties and obligations and the duty of good faith as proven at trial;

D.  Award Plaintiff his costs and expenses, including his attorneys' fees and expenses incurred in connection with the prosecution of this Complaint;

E.  Award to Plaintiff all other relief to which he may be entitled under the premises; and

F.  Award such other relief as this Court may deem just and proper.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Kim M. Boyle*
      KIM M. BOYLE (#18133)
      MARYJO L. ROBERTS (#30692)
      Canal Place
      365 Canal Street, Suite 2000
      New Orleans, Louisiana 70130-6534
      Telephone: 504-566-1311

        Telecopier: 504-568-9130
        Email:  kim.boyle@phelps.com
              maryjo.roberts@phelps.com

**ATTORNEYS FOR PLAINTIFF, SEAN O'SULLIVAN, M.D.**