**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SEAN O'SULLIVAN, | * | CIVIL ACTION NO: |
| Plaintiff | * | 2:17-CV-00609 |
| | * | |
| Versus | * | SECTION "I" |
| | * | JUDGE LANCE M. AFRICK |
| SUNIL GUPTA, M.D., LLC. (d/b/a | * | |
| RETINA SPECIALTY INSTITUTE), | * | MAG. DIV. (1) |
| SUNIL GUPTA, MAGDALENA SHULER, | * | MAGISTRATE JUDGE |
| JOHN MYERS AND ALAN FRANKLIN, | * | JANIS VAN MEERVELD |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF RSI'S MOTION TO DISMISS COUNT I AND TO COMPEL ARBITRATION OF COUNTS II AND III

As grounds for its Motion to Dismiss Count I and to Compel Arbitration of Counts II and III, Defendant Sunil Gupta, M.D., LLC (d/b/a Retina Specialty Institute, or "RSI") states as follows:

### INTRODUCTION

This Court should dismiss Plaintiff's claims for declaratory judgment (Count I) of Plaintiff's Amended Complaint (Doc. 9) and should compel arbitration of Plaintiff's claims for breach of contract (Count II) and breach of the duty of good faith (Count III). Plaintiff's claim for a declaratory judgment fails because there is no case or controversy between Plaintiff and RSI as to the Noncompetition and Nonsolicitation Agreement. Plaintiff has not pled sufficient facts in his Amended Complaint to suggest that he will suffer any harm in the absence of a declaratory judgment or to suggest that RSI intends to enforce the Noncompetition and Nonsolicitation Agreement between them. This Court should compel Plaintiff's remaining claims against RSI for breach of contract (Count II) and breach of the duty of good faith (Count

1

III) to arbitration.  Louisiana law does not allow Plaintiff to litigate these claims in this Court because Plaintiff agreed to arbitrate these claims.  Plaintiff's attempt to renege on that agreement for the purpose of bringing this lawsuit breaks a bedrock rule of federal and Louisiana law – namely, that a party cannot sue on a contract and seek to avoid its arbitration provision.  It is axiomatic that a litigant may not pick and choose between provisions in the contract that he is suing on.  Plaintiff's claims for breach of contract and breach of the duty of good faith are premised upon the very contract that contains the arbitration provision that Plaintiff is trying to avoid.  Therefore, Louisiana law requires an order compelling arbitration as to these claims.

## FACTUAL BACKGROUND

1.      This case involves a dispute between a physician and a medical practice regarding the physician's membership in the practice.  There are two relevant agreements.  First, in November 2012, Plaintiff Sean O'Sullivan entered into a Physician Employment Agreement with RSI ("the Employment Agreement").  *See* Exh. A.  Second, that same day, Plaintiff executed a Noncompetition and Nonsolicitation Agreement with RSI ("the Noncompete").  *See* Exh. B.

2.      Plaintiff filed this Complaint on January 25, 2017.  Plaintiff has sued both the practice (RSI) and several of its members (Sunil Gupta, Magdalena Shuler, and John Myers (collectively, "the Individual Defendants"), plus another physician).  Plaintiff seeks several forms of relief, including a declaratory judgment against RSI of the parties' rights and duties under the Noncompete; damages for breach of contract and for breach of the duty of good faith against RSI; and, against the Individual Defendants, a claim based on the theory of unjust enrichment.

3.      Plaintiff seeks this relief on the basis of both the Employment Agreement and the Noncompete.  *See* Doc. 9,¶ 11-15, 20-47.

4.      Plaintiff's Employment Agreement contains an arbitration provision, which provides, in relevant part:

> R.      <u>Alternative Dispute Resolution</u>.  The Parties shall in good faith attempt to resolve any claim, controversy, dispute or disagreement arising out of or relating to this Agreement, its interpretation, or the breach thereof, or arising out of the employment relationship created by this Agreement, by negotiation and as follows:
>
> If any such claim, controversy, dispute or disagreement is not resolved within thirty (30) days of written notice to the other Party, that claim, controversy, dispute or disagreement shall be submitted to confidential mandatory binding arbitration which shall be conducted in the Pensacola, Florida, area in accordance with the American Health Lawyers Association (AHLA) Alternative Dispute Resolution Service (ADRS) Rules of Procedure for Arbitration then in effect.  Where not conflicting with the AHLA ADRS Rules of Procedure for Arbitration, the arbitration shall be undertaken pursuant to the Florida Arbitration Act, where possible, and the decision of the arbitrator(s) shall be final, binding, and enforceable in any court of competent jurisdiction.

*See* Exh. A, Part 11.R.

5.      Plaintiff's Noncompete does not include an arbitration provision.

6.      RSI has not sought to enforce the Noncompete against Plaintiff, or otherwise threaten to enforce the provision. The January 16, 2017 letter referenced in Plaintiff's Amended Complaint as the basis for the position that RSI intends to enforce the Noncompete does not support that position. RSI issued the letter to its employees reminding them of their obligations to protect confidential patient information as required by the Health Insurance Portability and Accountability Act ("HIPAA") as well as RSI's proprietary and trade secret information. The letter also instructed employees to refer any requests for patient information to Matt Balka or Michelle Coleman. A copy of the letter is attached hereto as Exhibit C.  The letter – which was

3

sent to all employees – did not address Plaintiff's Noncompete or any employment agreements of any other employees.

## ARGUMENT

I.      **This Court Lacks Subject Matter Jurisdiction Over Count I Because There is No Case or Controversy.**

Plaintiff seeks a judgment against RSI declaring that the Noncompete is invalid and unenforceable. However, because there is no case or controversy between Plaintiff and RSI regarding the Noncompete, this Court does not have subject matter jurisdiction over this claim, and it should be dismissed. *See SnoWizard, Inc. v. Snow Ball's Chance, Ltd.*, 2015 WL 5682640, at *8 (E.D. La. Sept. 25, 2015) (where there is no case or controversy, the court lacks subject matter jurisdiction over declaratory judgment action).

"The Declaratory Judgment Act provides, '[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Educ. Mgmt. Servs. v. Cadero*, 2015 WL 12734067, at *2 (W.D. Tex. Jan. 7, 2015) (quoting 28 U.S.C. § 2201(a)).  In order to demonstrate that a case or controversy exists, Plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983); *Cone Corp. v. Florida Dep't of Transp.*, 921 F.2d 1190, 1205 (11th Cir. 1991)). Based on the facts alleged, there must be a substantial and continuing controversy between Plaintiff and RSI.  *Id.* (citing *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985)).

Thus, Plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. *Id.* "[T]he continuing controversy may not be conjectural, hypothetical, or

4

contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Bauer*, 341 F.3d at 35. A party to a contract seeking a declaration that a provision is void need not breach the contract in order to establish a continuing controversy. Instead, such a party need only show that his self-avoidance of imminent injury is coerced by a threatened enforcement action. *Educ. Mgmt. Servs. v. Cadero*, 2015 WL 12734067, at *2 (citing *MedImmune, Inc. v. Greentech, Inc.*, 549 U.S. 118, 128 (2007)).

Plaintiff has not pled any facts to plausibly infer that there is a continuing controversy between him and RSI with respect to his Noncompete, nor has he pled any facts to plausibly infer he has been coerced by an alleged threat by RSI to enforce the Noncompete. Rather, Plaintiff alleges in a conclusory fashion that "[u]nless the noncompetition and nonsolicitation portions of the Noncompetition and Nonsolicitation Agreement are declared void and unenforceable by the Court, Defendant Company will attempt to enforce those provisions." R. Doc. 9, ¶ 34. In support of this statement, Plaintiff cites to stipulations in the Noncompete stating that a breach by Plaintiff would irreparably harm RSI and would entitle RSI to injunctive relief as well as its attorney's fees and other damages. Plaintiff then jumps to the conclusions that RSI "would undoubtedly seek injunctive relief to protect this irreparable injury" and "would presumably impose the provision" against him. R. Doc. 9, ¶¶ 34 – 39. Plaintiff's own conjecture and speculation is insufficient to establish a continuing controversy.

Plaintiff also cites to a January 16, 2017 letter that RSI sent to its employees reminding them of certain obligations pursuant to alleged employment agreements and other contracts. R. Doc. 9, ¶ 40. Plaintiff admits that the letter does not address his Noncompete. *Id*. at ¶ 41. Contrary to Plaintiff's allegations, the letter (which is attached hereto as Exhibit C[1]) does not

---

[1] The January 16, 2017 letter was referenced in Plaintiff's Amended Complaint (R. Doc. 9, ¶ 40) and, accordingly, may be considered by the Court on this Motion to Dismiss. *See Rebaldo v. Jenkins*, 660 F. Supp. 2d 755, 761 (E.D.

mention any employment agreements or contracts.  The letter simply reminds employees of their obligation to protect RSI's confidential, proprietary, and trade secret information, and to not misuse or disclose confidential patient information under HIPAA.  *See* Exh. C. This letter does not remotely constitute a threat to enforce Plaintiff's Noncompete.

In *Education Management Services v. Cadero*, 2015 WL 12734067 (W.D. Tex. Jan. 7, 2015), the court dismissed the defendant-employee's counterclaim for a judgment declaring his non-solicitation agreement with his former employer invalid.  The court found that the employee was not in breach of the non-solicitation agreement and did not make any effort to show that his avoidance of breach was coerced by the employer. *Id*. at *2.  The court emphasized that there was no indication that the employer intended to enforce the non-solicitation agreement against the employee at all. *Id*. Since the employee made no showing that there was any actual controversy between the parties regarding the non-solicitation agreement, the court dismissed the counterclaim for declaratory judgment. *Id*.

Likewise, Plaintiff's request for a declaratory judgment should be dismissed because he has not alleged any facts which, if true, plausibly infer a real and immediate threat which creates a definite threat of future injury. *Bauer*, 341 F.3d at 35. Plaintiff's request for declaratory judgment is based on his own speculation, conjecture, and conclusory allegations. Accordingly, Plaintiff's claim for a declaratory judgment asserted in Count I should be dismissed.

---

La. 2009) (Exhibits attached to the defendants' Rule 12(b)(6) motion which were referenced by the plaintiff in his Complaint are appropriate for the Court's review under Rule 12(b)(6) (citing *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)).

II.     **This Court Should Compel Arbitration of Plaintiff's Remaining Allegations Against RSI Because Plaintiff Agreed to Arbitrate Them.**

This Court should enter an order compelling arbitration of Plaintiff's remaining claims against RSI for breach of contract and breach of the duty of good faith (Counts II and III) under the arbitration provision of Plaintiff's Employment Agreement.  This result is required both by the Employment Agreement and settled Fifth Circuit law.  "In enacting the Federal Arbitration Act, Congress declared a national policy in favor of arbitration."  *Snap-on Tools Corp. v. Mason*, 18 F.3d 1261, 1263 (5th Cir. 1994).  The Federal Arbitration Act ("FAA") and its Louisiana equivalent provide that written agreements to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; La. R.S. § 9:4201.[2]  "Congress has therefore mandated the enforcement of valid arbitration agreements."  *Henry v. New Orleans Louisiana Saints L.L.C.*, 2016 WL 2901775, at *2 (E.D. La. May 18, 2016).  Similarly, the Louisiana legislature and Louisiana courts have endorsed the use of arbitration agreements as preferential to proceeding in litigation, and it is now well-established in Louisiana jurisprudence that there is "strong public policy favoring arbitration." *See, e.g.*, *Shroyer v. Foster*, 2001-0385 (La. App. 1 Cir. 3/28/02); 814 So. 2d 83; *Broussard v. Compulink Bus. Sys., Inc.*, 41,276 (La. App. 2 Cir. 8/23/06); 939 So. 2d 506.

"District Courts shall enforce arbitration agreements by issuing an order directing the parties to engage in arbitration and staying litigation in any case raising a dispute referable to arbitration."  *Evans v. Tin, Inc.*, 2012 WL 2343162, *1 (E.D. La. June 20, 2012) (citing 9 U.S.C.

---

[2] Due to the similarities between the language of the FAA and the Louisiana Binding Arbitration Law ("LBAL"), cases decided under either statute are to be interpreted and applied consistently. *See Lafleur v. Law Offices of Anthony G. Buzbee, P.C.*, 2006-0466 (La. App. 1 Cir. 3/23/07), 960 So. 2d 105, 111 ("Jurisprudence has recognized that the FAA and the LBAL are 'virtually identical'; therefore, Louisiana courts have recognized that determinations regarding the viability and scope of arbitration clauses would be the same under either law, and federal jurisprudence interpreting the FAA may be considered in construing the LBAL.") (citations omitted).

§ 3). Where no issues remain to be litigated following an order to compel arbitration, dismissal of the litigation is appropriate. *Anderson v. Waffle House, Inc.*, 920 F. Supp. 2d 685, 695 (E.D. La. 2013) (internal citations omitted).

"A motion to compel arbitration presents two questions. First, whether there is a valid agreement to arbitrate, and second, whether the dispute in question falls within the scope of the arbitration agreement.  In answering the first question of contract validity [courts] apply ordinary state-law principles that govern the formation of contracts.  The second question of scope, however, is answered by applying the federal substantive law of arbitrability." *Graves v. BP Am., Inc.*, 568 F.3d 221, 222–23 (5th Cir. 2009) (footnote and internal quotation marks omitted).

The FAA and LBAL express a strong policy in favor of arbitrating disputes, and "all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Evans*, 2012 WL 2343162, at *2 (quoting *Washington Mut. Finance Grp., LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004)); *see also Broussard v. First Tower Loan, LLC*, 150 F. Supp. 3d 709, 724 (E.D. La. 2015).  Indeed, arbitration should not be denied "unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Broussard*, 150 F. Supp. 3d at 724 (alteration in original) (quoting *Pers. Sec. & Safety Sys. Inc. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir. 2002)).

Plaintiff has agreed to arbitrate his disputes with RSI arising out of his Employment Agreement, and this Court should enforce that agreement.  The Employment Agreement constitutes a valid, binding, and enforceable contract.  Plaintiff's damage claims arise out of and are based upon alleged breach of that Employment Agreement. Since Plaintiff is suing to enforce the Employment Agreement, there is no dispute that it is an enforceable Agreement.

Plaintiff's damage claims fall squarely within the scope of the arbitration agreement. By its terms, the arbitration agreement is extremely broad: it covers not only "any claim, controversy, dispute or disagreement arising out of or relating to" the Employment Agreement, but also any claim, controversy, dispute or disagreement "arising out of the employment relationship created by" the Agreement and its negotiation. *See* Exh. A, Part 11.R. Having sued to enforce the Employment Agreement and for a breach of RSI's duty to perform its obligations under the Employment Agreement in good faith, Plaintiff cannot argue that this lawsuit does not arise out of that Agreement. As a result, Plaintiff's lawsuit fits within the scope of the arbitration provision, and arbitration should be compelled. Although there should be no doubt about this result, if there is any doubt, it should be resolved in favor of compelling arbitration. *Evans*, 2012 WL 2343162, at *2; *Broussard*, 150 F. Supp. 3d at 724.

### III. Settled Federal and Louisiana Law Disallows Efforts, Such as Plaintiff's, to Sue on a Contract But Avoid its Arbitration Provision.

The arbitration provision is inescapable for Plaintiff for the separate and independent reason that settled federal and Louisiana law specifically disallows efforts, such as Plaintiff's, to sue on a contract but avoid its arbitration provision. So long as Plaintiff's claim is staked on the Employment Agreement, as Counts II and III are, Plaintiff cannot proceed in this Court.

As the United States Supreme Court has explained, the FAA disallows (by way of preemption) the practice of suing on a contract but avoiding its arbitration provision: "What States may not do is decide that a contract is fair enough to enforce all its basic terms (price, service, credit), but not fair enough to enforce its arbitration clause. The Act makes any such state policy unlawful, for that kind of policy would place arbitration clauses on an unequal 'footing,' directly contrary to the Act's language and Congress' intent." *Allied-Bruce Terminix*

*Companies, Inc. v. Dobson*, 513 U.S. 265, 281 (1995); *Aguillard v. Auction Mgmt. Corp.*, 2004-C-2804, 2004-C-2857 (La. 2005), 908 So. 2d 1, 8.

**CONCLUSION**

For all these reasons, this Court should **DISMISS** Count I and **COMPEL** Counts II and III of Plaintiffs' Amended Complaint to **ARBITRATION**. To the extent there are no claims remaining to be litigated against RSI, RSI should be dismissed from the Amended Complaint.

Respectfully submitted:

*/s/ Jennifer L. Englander*
Christopher E. Moore, T.A. La. Bar No. 26430
Jennifer L. Englander, La. Bar No. 29572
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA  70139
Telephone:  (504) 648.3840
Facsimile:   (504) 648.3859
E-mail: Christopher.Moore@ogletreedeakins.com
          Jennifer.Englander@ogletreedeakins.com

Attorneys for Defendants, Dr. Sunil Gupta, M.D., LLC (d/b/a Retina Specialty Institute), Sunil Gupta, John Myers, and Magdalena Shuler

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF/CM system which will send notification of such filing to the following:

Kim M. Boyle
MaryJo L. Roberts
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA  70130-6534
*Attorneys for Plaintiff*

*/s/ Jennifer L. Englander*

29075461.1