UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

*******************************************
| | | |
|---|---|---|
| SEAN O'SULLIVAN, | * | CIVIL ACTION NO: |
| Plaintiff | * | 2:17-CV-00609 |
| | * | |
| Versus | * | SECTION "I" |
| | * | JUDGE LANCE M. AFRICK |
| SUNIL GUPTA, M.D., LLC. (d/b/a | * | |
| RETINA SPECIALTY INSTITUTE), | * | MAG. DIV. (1) |
| SUNIL GUPTA, MAGDALENA SHULER, | * | MAGISTRATE JUDGE |
| JOHN MYERS AND ALAN FRANKLIN, | * | JANIS VAN MEERVELD |
| Defendants | * | |

*******************************************

## MEMORANDUM IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION

As grounds for their Motion to Dismiss, or in the Alternative to Compel Arbitration, Defendants Sunil Gupta, Magdalena Shuler, and John Myers (collectively, "the Individual Defendants")[1] hereby state as follows:

### INTRODUCTION

This Court should dismiss Plaintiff's Amended Complaint (Doc. 9) as to the Individual Defendants because the Court lacks personal jurisdiction over the Individual Defendants. None of the Individual Defendants are domiciled in Louisiana, or have contacts that render them subject to general jurisdiction here. In addition, none of the Individual Defendants have continuous and systematic conduct in Louisiana related to the claims in this lawsuit, so they are not subject to specific jurisdiction here. Accordingly, Plaintiff's claims against them must be dismissed. In addition, Plaintiff's claims for unjust enrichment fail as a matter of law.

---

[1] One individual Defendant, Alan Franklin, is represented by separate counsel and is not a party to this Motion. Reference here to "Individual Defendants" is intended to refer to the individual defendants other than Dr. Franklin unless otherwise noted.

1

Alternatively, in the event that this Court concludes that it has jurisdiction over the Individual Defendants, it should compel Plaintiff's unjust enrichment claims to arbitration pursuant to the arbitration agreement between Plaintiff and RSI. Plaintiff's claims against the Individual Defendants in Count IV are substantially the same as, and are based on the same facts and allegations as, his claims in Counts II and III against RSI. Settled Louisiana law holds that nonsignatories to an arbitration agreement may enforce the agreement when the Plaintiff's action against the nonsignatories is intertwined with his claims against signatories that are being compelled to arbitration. Accordingly, Plaintiff's claims against the Individual Defendants should meet the same fate as his claims against RSI and be compelled to arbitration, if not dismissed for lack of personal jurisdiction.

## FACTUAL BACKGROUND

1. This case involves a dispute between a physician and a medical practice regarding the physician's membership in the practice. There are two relevant agreements. First, in November 2012, Plaintiff Sean O'Sullivan entered into a Physician Employment Agreement with RSI ("the Employment Agreement"). *See* Exh. A. Second, that same day, Plaintiff executed a Noncompetition and Nonsolicitation Agreement with RSI ("the Noncompete"). *See* Exh. B.

2. Plaintiff filed this Complaint on January 25, 2017. Plaintiff has sued both the practice (RSI) and several of its members (the Individual Defendants, plus another physician). Plaintiff seeks several kinds of relief, including a declaratory judgment against RSI of the parties' rights and duties under the Noncompete; damages for breach of contract and breach of the duty of good faith against RSI; and a claim against the Individual Defendants based on the theory of unjust enrichment.

3. Plaintiff seeks this relief on the basis of both the Employment Agreement and the Noncompete. *See* Compl. at 11-15, 20-47.

4. Plaintiff's Employment Agreement contains an arbitration provision, which provides, in relevant part:

> R. <u>Alternative Dispute Resolution</u>. The Parties shall in good faith attempt to resolve any claim, controversy, dispute or disagreement arising out of or relating to this Agreement, its interpretation, or the breach thereof, or arising out of the employment relationship created by this Agreement, by negotiation and as follows:
>
> If any such claim, controversy, dispute or disagreement is not resolved within thirty (30) days of written notice to the other Party, that claim, controversy, dispute or disagreement shall be submitted to confidential mandatory binding arbitration which shall be conducted in the Pensacola, Florida, area in accordance with the American Health Lawyers Association (AHLA) Alternative Dispute Resolution Service (ADRS) Rules of Procedure for Arbitration then in effect. Where not conflicting with the AHLA ADRS Rules of Procedure for Arbitration, the arbitration shall be undertaken pursuant to the Florida Arbitration Act, where possible, and the decision of the arbitrator(s) shall be final, binding, and enforceable in any court of competent jurisdiction.

*See* Exh. A, Part 11.R.

5. Plaintiff's Noncompete does not include an arbitration provision.

6. Individual Defendant Sunil Gupta is a Florida resident and sees patients exclusively in Florida. *See* Exh. C (Gupta Affidavit) ¶¶ 2, 10.

7. Individual Defendant Magdalena Shuler is a Florida resident and sees patients exclusively in Florida. *See* Exh. D (Shuler Affidavit) ¶¶ 2, 10.

8. Individual Defendant John Myers is a Florida resident and sees patients primarily in Florida. Dr. Myers also sees patients in Alabama one half-day per week. *See* Exh. E (Myers Affidavit) ¶¶ 2, 10.

9.     During RSI's negotiations with Plaintiff that are at issue in this litigation, the Individual Defendants were located in Florida.  *See* Exh. C ¶¶ 13-14; Exhs. D, E ¶¶ 14-15.

**ARGUMENT**

I.     **This Court Should Dismiss Plaintiff's Complaint Because It Lacks Personal Jurisdiction Over the Individual Defendants.**

This Court should dismiss Plaintiff's Complaint against the Individual Defendants primarily because it lacks personal jurisdiction over the Individual Defendants. None of the Individual Defendants are Louisiana residents. *See* Doc. 9, ¶¶ 3-6; Exhs. C, D, E, at ¶ 2. Accordingly, the analysis proceeds under precedents applicable to personal jurisdiction over nonresident defendants.

A federal court sitting in diversity may assert personal jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts, and (2) if due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Adams v. Unione Mediterranea Sicurta*, 234 F. Supp. 2d 614, 620 (E.D. La. 2002).  The Eastern District of Louisiana has explained the law of personal jurisdiction over nonresident defendants. *See e.g., id.* Plaintiff bears the burden of making a *prima facie* showing of sufficient contacts to establish personal jurisdiction over nonresident defendants. *Id*.

The Louisiana long-arm statute extends personal jurisdiction to the maximum limits permitted by due process. *Id.*  Due process advances a two-pronged test: (1) the nonresident defendant must have minimal contacts with the forum state and (2) subjecting the nonresident defendant to jurisdiction must be consistent with traditional notions of fair play. *Id.*

There are two potential sources of jurisdiction: general jurisdiction and specific jurisdiction. *See id.*  "Minimum contacts" with the forum state can arise incident to either specific jurisdiction or general jurisdiction. *Id.*  The exercise of general jurisdiction does not

4

offend due process if there are sufficient contracts between the state and defendants even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action. *Adams*, 234 F. Supp. 2d at 624. In contrast, "[s]pecific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Id*. at 621 (quoting *Felch v. Transportes Lar–Mex SA De CV,* 92 F.3d 320, 324 (5th Cir. 1996)).

To confer general jurisdiction, the Individual Defendants' contacts with Louisiana must be so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S.Ct. 746, 754, 187 L.Ed.2d 624 (2014) (internal citations omitted). The Individual Defendants reside in Florida and work in Florida, where they are "at home." Compl. at ¶¶ 3-6; Exhs. A, B, C at ¶¶ 2.  They own no property in Louisiana and have no bank accounts in Louisiana. They do not have continuous and systematic contacts with Louisiana as to render them essentially "at home" there.  They are "at home" in Florida, where they live and see almost all of their patients, and where all of their activities related to Plaintiff occurred. S*ee* Exhs. C, D, E, at ¶¶ 2, 10, 13-15.

There is no specific jurisdiction because there is no suit-related conduct of the Individual Defendants in Louisiana that is sufficient to create specific jurisdiction.  The Individual Defendants were in Florida for all of RSI's negotiations with O'Sullivan that are at issue in this lawsuit; they were not in Louisiana for any of those negotiations.  *See* Exhs. C, D, E at ¶¶ 13-15. Plaintiff's claims for unjust enrichment against the Individual Defendants' are based upon RSI's alleged breach of Plaintiff's Employment Agreement. Those claims are not based upon any conduct by the Individual Defendants in Louisiana. To the extent the Individual Defendants were

unjustly enriched, they were unjustly enriched in Florida where they live, work, and are compensated.

Accordingly, the Individual Defendants did not purposefully avail themselves, in their individual capacities, of the privilege of conducting activities in Louisiana; nor does this action arise out of or relate to the Individual Defendants' activities in Louisiana, because there were no activities by them in Louisiana. Lastly, although it is not necessary for this Court to decide whether the exercise of jurisdiction over the Individual Defendants under these circumstances would comport with fair play and substantial justice (because the other two criteria for specific jurisdiction are absent), exercise of jurisdiction under these circumstances would offend traditional notions of fair play and substantial justice because the Individual Defendants have not undertaken suit-related conduct in Louisiana. *See* Exhs. C, D, E at ¶ 6, 13-15. This case is a Louisiana resident's improper attempt to drag others with no connection to Louisiana into his home forum.

## II. Alternatively, Plaintiff's Unjust Enrichment Claims (Count IV) Should Be Dismissed or, In the Further Alternative, Compelled to Arbitration.

In the event this Court concludes that it has personal jurisdiction over the Individual Defendants, Plaintiff's Count IV for unjust enrichment should nevertheless be dismissed because this remedy of last resort is not available as Plaintiff has a remedy against RSI. Alternatively, Plaintiff should be compelled to arbitrate his unjust enrichment claims pursuant to the arbitration agreement in his Employment Agreement.

### A. Plaintiff's Unjust Enrichment Claims Fail as a Matter of Law.

Plaintiff alleges that RSI's breach of his Employment Agreement has resulted in the unjust enrichment of the Individual Defendants. Specifically, Plaintiff alleges that RSI's distribution of monies to the Individual Defendants that was meant for Plaintiff's partnership

6

buy-in and/or bonus, and the Individual Defendants' receipt of same constitutes inequitable conduct.

Louisiana Civil Code Article 2298 provides, in pertinent part:

A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The Louisiana Supreme Court has established that there are five elements required for a showing of unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and resulting impoverishment; (4) an absence of "justification" or "cause" for the enrichment and the impoverishment; and (5) there must be no other remedy at law available to the plaintiff. *Baker v. Maclay Properties Co.*, 94–1529, pp. 18–19 (La. 1/17/95), 648 So. 2d 888, 897. To recover in an unjust enrichment action, the plaintiff must prove each of the five elements. *See Fagot v. Parsons*, 06–1528, pp. 4–5 (La. App. 4 Cir. 5/9/07), 958 So. 2d 750, 752–53.

Under Article 2298, the remedy of unjust enrichment is subsidiary in nature, and is "only applicable to fill a gap in the law where no express remedy is provided." *Walters v. MedSouth Record Management, LLC*, 10–0353, p. 2 (La. 6/4/10), 38 So. 3d 243, 244 (quoting *Mouton v. State*, 525 So. 2d 1136, 1142 (La. App. 1 Cir. 1988)). The pertinent question is not whether the plaintiff has a remedy against a particular defendant, but whether it has any available remedies. *Insulation Techs., Inc. v. Indus. Labor & Equip. Servs., Inc.*, 2013-0194 (La. App. 4 Cir. 8/14/13), 122 So. 3d 1146, 1151. In *Fagot v. Parsons, supra*, the court affirmed the dismissal of the plaintiff's petition on an exception of no cause of action because of the existence of alternative remedies against parties other than the defendant in the action. Likewise, in *Insulation*

*Techs., Inc.*, the court affirmed dismissal of the plaintiff's unjust enrichment claim against defendant BP for failure to state a cause of action since the plaintiff had contractual remedies against defendant Industrial Labor & Equipment Services. 122 So. 3d at 1151.

Plaintiff's unjust enrichment claims against the Individual Defendants necessarily fail because they are based on RSI's alleged breach of the Employment Agreement. Thus, Plaintiff clearly has a remedy against RSI such that he cannot establish that there is no other remedy available at law.  It does not matter that Plaintiff might not have any other remedy against the Individual Defendants because he has a remedy against RSI – which he has asserted – and the subsidiary remedy of unjust enrichment is not available to him. La. Civ. Code art. 2298; *Insulation Techs., Inc.*, 122 So. 3d at 1151.

### B. Alternatively, Plaintiff Should be Compelled to Arbitrate his Unjust Enrichment Claims.

Finally, and in the further alternative, the Court should dispose of Plaintiff's unjust enrichment claims asserted against the Individual Defendants in Count IV of the Amended Complaint in the same manner that it disposes of his claims against RSI under Counts II and III – by compelling them to arbitration under the binding arbitration agreement in Plaintiff's Employment Agreement.  *See* Exh. A, Part 11.R and Doc. 24 (RSI's Motion to Dismiss Count I and Compel Arbitration of Counts II and III).

Settled precedent holds that because Plaintiff's claims against the Individual Defendants are intertwined with his claims against RSI under his Employment Agreement, which contains an arbitration provision, the Individual Defendants may enforce the arbitration provision.  Fifth Circuit law maintains the long-standing rule that, under the FAA, "traditional principles of state law may allow an arbitration contract to be enforced by or against nonparties to the contract through a number of state-contract-law theories, including equitable estoppel." *Crawford*

*Professional Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 255 (5th Cir. 2014); *see also Evans v. Tin, Inc.*, 2012 WL 2343162, *4 (E.D. La. June 20, 2012) (quoting *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009)) (non-signatories to an arbitration agreement may compel parties to arbitration under the FAA when "the relevant state contract law allows him to enforce the agreement").

In turn, Louisiana state law allows non-signatory defendants to enforce arbitration agreements when the plaintiff's allegations against the non-signatory are inextricably intertwined with allegations against the signatory relating to the contract.  More specifically, "Louisiana courts have applied the doctrine of equitable estoppel as stated by the Fifth Circuit in *Grigson v. Creative Artists Agency L.L.C.*, 210 F. 3d 524 (5th Cir. 2000), to compel arbitration between a nonsignatory defendant and a signatory plaintiff when the plaintiff raises allegations of substantially interdependent and concerted misconduct by the nonsignatory and one or more of the signatories to the agreement." *Henry v. New Orleans Louisiana Saints L.L.C.*, 2016 WL 2901775, at *11 (E.D. La. May 18, 2016) (footnote omitted) (collecting cases); *accord Sturdy Built Homes, LLC v. Carl E. Woodward LLC*, 2011-CA-0881 (La. App. 4 Cir. 12/14/11), 82 So. 3d 473, 476 (holding that under a theory of equitable estoppel, a nonsignatory to a contract with an arbitration clause can compel arbitration "when the action is intertwined with, and dependent upon, that contract").

"The linchpin for equitable estoppel is equity-fairness." *Sturdy Built Homes,* 82 So. 3d at 478.  When "to not apply the intertwined-claim basis to compel arbitration would fly in the face of fairness," the non-signatory is entitled to an order compelling arbitration. *Id.* (quoting *Grigson*, 210 F.3d at 828).

9

This case meets the intertwining test easily. Plaintiff's claims of unjust enrichment asserted in Count IV against the Individual Defendants are substantially the same as and are inextricably intertwined with his claims against RSI. *See* Compl. at Counts II–IV. In fact, the basis of Plaintiff's claim against the Individual Defendants rests on the allegation that they benefitted from monies wrongfully withheld from Plaintiff under the terms of his Employment Agreement—the very agreement under which Plaintiff agreed to arbitrate disputes. Furthermore, Plaintiff's claims against the Individual Defendants have a common nucleus of facts with his claims against RSI. *See* Doc. 9, ¶¶ 12-14, 20-27, 52-72. Indeed, Plaintiff is pursuing a claim against the Individual Defendants *only* because, and to the extent that, they are the members of RSI. There is no factual basis for a finding that Plaintiff's claims against RSI are not intertwined with his claim against the Individual Defendants.

Accordingly, if this Court decides that it has jurisdiction over the Individual Defendants, and that he has stated a claim for unjust enrichment, these claims should meet the same fate as Plaintiff's claims against RSI, and be compelled to arbitration. Since no claims would remain to be litigated between Plaintiff and the Individual Defendants, the Amended Complaint should be dismissed as to the Individual Defendants. *Anderson v. Waffle House, Inc.*, 920 F. Supp. 2d 685, 695 (E.D. La. 2013) (internal citations omitted) (where no issues remain to be litigated following an order to compel arbitration, dismissal of the litigation is appropriate).

## CONCLUSION

For all these reasons, this Court should **DISMISS** this action against Sunil Gupta, Magdalena Shuler, and John Myers, because the Court lacks personal jurisdiction over them and, alternatively, because Plaintiff's claim of unjust enrichment fails as a matter of law or, in the further alternative, should be compelled to arbitration.

Respectfully submitted:

*/s/ Jennifer L. Englander*
Christopher E. Moore, T.A. La. Bar No. 26430
Jennifer L. Englander, La. Bar No. 29572
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: (504) 648.3840
Facsimile: (504) 648.3859
E-mail: Christopher.Moore@ogletreedeakins.com
Jennifer.Englander@ogletreedeakins.com

Attorneys for Defendants, Dr. Sunil Gupta, M.D., LLC (d/b/a Retina Specialty Institute), Sunil Gupta, John Myers, and Magdalena Shuler

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF/CM system which will send notification of such filing to the following:

Kim M. Boyle
MaryJo L. Roberts
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
*Attorneys for Plaintiff*

*/s/ Jennifer L. Englander*