UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

*********************************************

| | | |
|---|---|---|
| SEAN O'SULLIVAN, | * | CIVIL ACTION NO: |
| Plaintiff | * | 2:17-CV-00609 |
| | * | |
| Versus | * | SECTION "I" |
| | * | JUDGE LANCE M. AFRICK |
| SUNIL GUPTA, M.D., LLC. (d/b/a | * | |
| RETINA SPECIALTY INSTITUTE), | * | MAG. DIV. (1) |
| SUNIL GUPTA, MAGDALENA SHULER, | * | MAGISTRATE JUDGE |
| JOHN MYERS AND ALAN FRANKLIN, | * | JANIS VAN MEERVELD |
| Defendants | * | |

*********************************************

## DEFENDANT RSI'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO RSI's MOTION TO DISMISS COUNT I AND TO COMPEL ARBITRATION OF COUNTS II AND III

Defendant Sunil Gupta, M.D., LLC (d/b/a Retina Specialty Institute, or "RSI") hereby files this Reply to Plaintiff's Memorandum in Opposition to its Motion to Dismiss Count I and to Compel Arbitration of Counts II and III, stating as follows:

### A. Plaintiff's Claim for a Declaratory Judgment Is Not Justiciable and Should Be Dismissed.

Plaintiff, in seeking a declaratory judgment, bears the burden to establish the existence of an actual case or controversy, *i.e.* "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.[1] "A case or controversy must be justiciable in order for this Court to be able to exercise its authority." *Boudreaux v. OS Rest. Servs., L.L.C.*, 2013 WL 5722714, at *4 (E.D. La. Oct. 21, 2013) (Africk, J.) (citing U.S. Const. art. III § 2). As this Court has previously stated,

---

[1] *Cardinal Chemical Co. v. Morton Intern., Inc.*, 508 U.S. 83, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993) (citation omitted); *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748-49 (5th Cir. May 8, 2009) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007)).

1

"[f]or a declaratory judgment action to be justiciable, it 'must be such that it can presently be litigated and decided and [is] not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop'."[2]  "Declaratory judgments cannot be used to seek an opinion advising what the law would be on a hypothetical set of facts."[3]

As Plaintiff notes, he does not have to breach the Noncompetition and Nonsolicitation Agreement ("Noncompete Agreement) in order for a case or controversy to exist. Thus, the "Court must 'take into account the likelihood that these contingencies will occur' and "focus[ ] on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention.'"[4] Plaintiff may establish justiciability by showing that his self-avoidance of imminent injury is coerced by a threatened enforcement action.[5]  However, "'threats of legal action, alone, cannot create an actual controversy under the Declaratory Judgment Act. [Plaintiffs] must still demonstrate that the controversy was *sufficiently immediate and real*.'"[6]

Here, Plaintiff has failed to allege any facts in his Amended Complaint to suggest, much less establish, that there is an actual and substantial controversy between the parties "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Plaintiff has not, and cannot, establish that RSI has threatened him with an enforcement action regarding the Noncompete Agreement.  Notably, nearly two months has passed since Plaintiff initiated this action, and yet Plaintiff's Opposition fails to identify any action or threatened action taken by RSI to enforce the Noncompete Agreement.  Plaintiff argues that the liquidated damages and

---

[2] *Boudreaux*, 2013 WL 5722714, at *4 (quoting *AXA RE Prop. & Cas. Ins. Co. v. Day*, 162 Fed. Appx. 316, 319 (5th Cir. 2006) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)).
[3] *Id.* (citing *Vantage Trailers, Inc.*, 567 F.3d at 748 (citing *MedImmune, Inc.*, 549 U.S. at 127).
[4] *Id.* (quoting *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 897 (5th Cir. 2000) (quoting *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993)).
[5] *Educ. Mgmt. Servs. v. Cadero*, 2015 WL 12734067, at *2 (citing *MedImmune, Inc.*, 549 U.S. at 128).
[6] *Boudreaux*, 2013 WL 5722714, at *5 (quoting *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 751 (5th Cir. 2009) (citation omitted) (emphasis added in *Boudreaux*).

injunctive relief provisions of the Agreement, RSI's prior enforcement actions against former employees outside Louisiana, and public policy in an attempt to fabricate a justiciable controversy between the parties. As set forth below, his attempts fall far short of establishing jurisdiction. Rather, as in *Boudreaux*, which also involved a request for declaratory judgment regarding enforceability of a noncompetition agreement under Louisiana law, Plaintiff's Amended Complaint "does not allege either any specific threat of litigation or that he has undertaken any specific course of action that will make litigation a certainty."[7] Accordingly, there is no justiciable controversy between the parties and RSI's Motion should be granted.

### 1. The Liquidated Damages Provision Does Not Create a Controversy Absent A Demonstrated Intent to Enforce It Against Plaintiff

Plaintiff argues that the Agreement's liquidated damages provision, absent enforcement, establishes the existence of a controversy between the parties. It is of note that Plaintiff's argument relies on the very Agreement he claims to be invalid and unenforceable—rather than any conduct or communication on the part of RSI. Moreover, the liquidated damages provision simply sets an amount of damages due to RSI in the event of a breach – it does not, contrary to Plaintiff's argument, amount to an imminent threat of an enforcement action regarding the Agreement or an immediate, real controversy between the parties. It sets forth RSI's remedies in the event of a breach. It does not, as Plaintiff argues, threaten action in the event of a breach. As with any contractual provision determining the rights and liabilities of the parties thereto, the liquidated damages provision presents no harm to Plaintiff in the absence of an action by RSI to enforce it.

If the Court accepts Plaintiff's argument that a damage provision in a contract constitutes a *de facto* controversy between the parties, it would lead to the absurd result that any party to any

---

[7] 2013 WL 5722714, at *5.

contract containing a provision setting forth remedies in the event of a breach is entitled to a declaratory judgment, even though there is no immediate or real controversy between the parties. This was clearly not Congress's intent, which carved out specific exceptions to the "case of actual controversy" requirement in the Declaration Judgment Act. Those exceptions include cases "with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930)." 28 U.S.C. § 2201(a). Contracts containing remedy provisions are clearly not among the limited exceptions to the case or controversy requirement for declaratory relief.

It remains that for there to be an actual controversy between the parties regarding the liquidated damages provision or the injunctive relief provision, RSI would have to take some affirmative step toward enforcing the Noncompete Agreement, such as a threat of immediate and real enforcement of the Agreement. Plaintiff cannot allege that such step has been taken because, in fact, none has been taken. Plaintiff has presented no allegations of any such conduct by RSI in either his Amended Complaint or his Opposition to suggest that RSI intends to or has threatened to enforce the Agreement. Because there is simply no real controversy between the parties regarding the Noncompete Agreement, RSI's Motion should be granted.

### 2. Litigation is Not A Certainty

Plaintiff makes the outlandish argument that RSI "is, absent a declaration from this Court, bound to attempt to enforce the legally invalid noncompetition, nonsolicitation and liquidated damages provisions the moment Plaintiff O'Sullivan were to leave his employment with [RSI] and start a competing practice." (R. Doc. 26, p. 11). RSI is under no such obligation

4

and Plaintiff provides no legal support for his argument to the contrary.[8] Plaintiff has also offered no factual support for his conclusory argument that it is somehow inevitable that RSI will file suit, nor can he as RSI has not taken any action or otherwise given any indication that it intends to seek enforcement of the Noncompete Agreement against Plaintiff. Thus, Plaintiff's request for a declaratory judgment is hypothetical, conjectural, and based upon the possibility of a factual situation that may never develop and, accordingly, should be dismissed.

Plaintiff attempts to bolster his argument by citing to other actions RSI has brought against former employees who started competing businesses. These attempts are wholly misguided and irrelevant to the situation at hand. None of the other actions involved a Louisiana employee or the enforceability of a non-compete agreement under Louisiana law. Indeed, Plaintiff does not allege that RSI's prior litigation was to enforce a non-competition agreement that was allegedly invalid under any applicable law, as it does here. RSI's non-Louisiana litigation history under a completely different set of facts and circumstances is completely irrelevant to the determination of whether litigation is certain if Plaintiff were to breach his Noncompete Agreement.

In light of the foregoing, there is no basis to conclude that litigation is a certainty in the event Plaintiff leaves RSI to start a competing business. Accordingly, there is no justiciable controversy between the parties and, as such, Plaintiff's request for a Declaratory Judgment (Count I) should be dismissed.

---

[8] Plaintiff's Opposition suggests, without legal support, this "obligation" is somehow required by public policy of Louisiana. However, whatever Louisiana's public policy, it does not create jurisdiction for this Court to hear a matter that is not ripe for its consideration.

**B.     Plaintiff's Breach of Contract Claims Are Subject to the Valid and Enforceable Arbitration Agreement.**

In its Motion, RSI seeks an order compelling Plaintiff to submit his remaining claims against the company (Claims II and III[9] of the Amended Complaint) to arbitration in accordance with the Alternative Dispute Resolution provision of the Physician Employment Agreement between Plaintiff and RSI ("the Employment Agreement"). The only arguments Plaintiff makes in his Opposition to RSI's Motion to enforce the arbitration agreement are (i) that it would be uneconomical to separate Claims II and III from Claim I (the request for a declaratory judgment on the Noncompete Agreement) because they involve the same nucleus of fact, and (ii) that the ADR provision conflicts with the Choice of Governing Law and Forum provision.  Both of Plaintiff's arguments are without merit.

Judicial economy is not a proper basis upon which to disregard both the parties' agreement to arbitrate Plaintiff's claims based on his Employment Agreement and the well-established public policies favoring arbitration under both federal and state law. In *KPMG LLP v. Cocchi*, 565 U.S. 18 (2011), the United States Supreme Court rejected the very argument Plaintiff makes in this case.  The Court held that "when a complaint contains both arbitrable and nonarbitrable claims, the Act requires courts to 'compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums.'" *Id.* at 26. Judicial economy is not a ground on which an arbitration clause can be avoided.

Additionally and alternatively, the economies here do not weigh in Plaintiff's favor. Plaintiff's Claims are not based on the same facts and do not even involve the same agreement. The only issue in Claim I, which is not ripe and should be dismissed, is the enforceability of the

---

[9] RSI recognizes that the Noncompete Agreement, which forms the basis of Plaintiff's Count I for declaratory judgment, is expressly carved out of the arbitration provision.

Noncompete Agreement.  Claims II and III involve RSI's alleged breach of the Employment Agreement based on RSI's alleged failure to make Plaintiff a Member. There simply are no competent facts to support Plaintiff's bald allegation that the claims are based on the same nucleus of facts.  Moreover, a consideration of the economies weighs in favor of compelling arbitration. The arbitration proceedings outlined in the ADR provision prohibit depositions except to preserve testimony and then limit depositions to only three.  (R. Doc. 24-3).  This term alone establishes that arbitrating Claims II and III would be much more economical than proceeding with them in court.

Second, the ADR and the Choice of Governing Law and Forum provisions do not conflict with one another. The ADR provision specifically states "No litigation shall be commenced unless the foregoing procedures are followed." (R. Doc. 24-3, p. 12).  Thus, the ADR provision specifically contemplates litigation may follow arbitration. The FAA and the Louisiana Binding Arbitration Law both provide for post-arbitration litigation to either contest or enforce the award.  9 U.S.C. §§ 9 – 11; La. R.S. §§ 9:4209 – 4211.  Therefore, to have both a choice of law and forum provision and an arbitration provision in the same agreement does not create a conflict in the terms of the contract and both provisions can be equally enforced. This is particularly true where, as here, the arbitration provision specifically contemplates the possibility of subsequent litigation.

Further, unlike the Choice of Law and Forum provision, the ADR provision is mandatory, and requires the parties to submit their disputes to arbitration.  Specifically, the Employment Agreement states that "the parties **shall** in good faith attempt to resolve any claim, controversy, dispute or disagreement arising out of this Agreement, its interpretation, or the breach thereof, or arising out of the employment relationship created by this Agreement . . .,"

and that if any such claim cannot be resolved within the requisite timeframe, the claim "**shall** be submitted to confidential **mandatory** binding arbitration . . .." (R. Doc. 24-3, p. 11) (emphasis added).

Finally, the parties clearly agreed to resolve any dispute regarding the interpretation of the Employment Agreement, which includes the interpretation of the Choice of Law and ADR provisions, through mandatory arbitration. (*See* Employment Agreement, R. Doc. 24-3, p. 11). Thus, the issue of whether this dispute should be arbitrated pursuant to the arbitration agreement between the parties is required to be determined by an arbitrator, and not by the Court. *Gen. Warehousemen & Helpers Union Local 767 v. Albertson's Distribution, Inc.*, 331 F.3d 485, 488 (5th Cir. 2003) (noting that procedural arbitrability is generally decided by the arbitrator, not the court) (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 555, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964)).

Because Plaintiff and RSI entered in to a valid and enforceable arbitration agreement, the Court should adhere to the strong federal and Louisiana public policy in favor of arbitration and compel Claims II and III to arbitration.

### C. Conclusion

Plaintiff's request for a declaratory judgment is not justiciable because the facts alleged in the Amended Complaint do not tend to establish a real, immediate controversy between the parties, or that litigation would be a certainty in the event of Plaintiff's hypothetical breach of the Noncompete Agreement. Thus, Claim I should be dismissed for lack of jurisdiction because there is no case or controversy. The Court should compel Plaintiff to arbitrate Claims II and III because the arbitration clause, which specifically contemplates subsequent litigation, does not conflict with the choice of law and forum clauses of the Agreement. Since there would be no

remaining claim against RSI, the Court should grant RSI's Motion and dismiss all of Plaintiff's Claims against it.

Respectfully submitted:

*/s/ Jennifer L. Englander*
Christopher E. Moore, T.A. La. Bar No. 26430
Jennifer L. Englander, La. Bar No. 29572
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA  70139
Telephone:  (504) 648.3840
Facsimile:   (504) 648.3859
E-mail: Christopher.Moore@ogletreedeakins.com
            Jennifer.Englander@ogletreedeakins.com

Attorneys for Defendants, Dr. Sunil Gupta, M.D., LLC (d/b/a Retina Specialty Institute), Sunil Gupta, John Myers, and Magdalena Shuler

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF/CM system which will send notification of such filing to the following:

> Kim M. Boyle
> MaryJo L. Roberts
> Canal Place
> 365 Canal Street, Suite 2000
> New Orleans, LA  70130-6534
> *Attorneys for Plaintiff*

*/s/ Jennifer L. Englander*

29351688.1

29361212.1
