UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SEAN O'SULLIVAN, M.D.** | * | **CIVIL ACTION NO. 17-609** |
| | * | |
| **Plaintiff,** | * | **SECTION "I"** |
| | * | **JUDGE AFRICK** |
| **VERSUS** | * | |
| | * | **MAG. DIV (1)** |
| **SUNIL GUPTA, M.D., LLC (d/b/a RETINA** | * | **MAGISTRATE JUDGE VAN** |
| **SPECIALTY INSTITUTE),** | * | **MEERVELD** |
| **SUNIL GUPTA, MAGDALENA SHULER,** | * | |
| **JOHN MYERS, and ALAN FRANKLIN,** | * | |
| | * | |
| **Defendants.** | * | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Plaintiff, Sean O'Sullivan ("Plaintiff O'Sullivan"), files this memorandum in support of his motion for summary judgment on the sole remaining count in the Amended Complaint, Count I for declaratory judgment (Doc. 9 at Count I).[1] Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff O'Sullivan is clearly entitled to the entry of judgment as a matter of law because "there is no genuine dispute as to any material fact."

As evidenced by the attached Statement of Uncontested Material Facts, Plaintiff O'Sullivan signed a "NonCompetition and NonSolicitation Agreement" (the "Agreement") on or

---

[1] This Court compelled to arbitration Plaintiff O'Sullivan's claims against Defendant RSI for breach of contract (Count II) and breach of duty of good faith (Count III) (Doc. 39). The Court also dismissed, without prejudice, Plaintiff O'Sullivan's sole claim against the individual defendants, for unjust enrichment (Count IV) based on a stipulation by the parties that the claim would be arbitrated. (Doc. 48). Accordingly, this motion for summary judgment is limited to a clear legal issue of whether the non-competition/non-solicitation provisions of the parties' "NonCompetition and NonSolicitation Agreement" are valid under Louisiana law.

about November 12, 2012. The Agreement does not specify any parish or parishes, or municipality or municipalities, where Defendant RSI carries on a like business as required under La. R.S. 23:921. Moreover, in contravention of the express statutory language, the Agreement exceeds "a period of two years from termination of employment," because it purports to automatically extend for the length of time Dr. O'Sullivan is in alleged violation of the Agreement, or any litigation challenging or seeking the enforcement of the Agreement is pending.

La. R.S. 23:921, which governs noncompete and nonsolicitation agreements, expressly provides: "Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this section, shall be null and void. However, every contract or agreement, or provisions thereof, which meets the exceptions as provided in this section, shall be enforceable." As this Court recognized in its May 1, 2017 Order and Reasons on Defendants' two motions to dismiss, non-compete clauses "are widely disfavored" *citing Team Envtl. Services, Inc. v. Addison*, 2 F.3d 124, 126 (5th Cir. 1993) (recognizing "Louisiana's longstanding policy against covenants not to compete."). Because the Agreement clearly violates Louisiana law, "it shall be null and void." Accordingly, summary judgment in O'Sullivan's favor finding these provisions of the Agreement legally invalid is proper and timely.

## I.

## **INTRODUCTION**

Plaintiff O'Sullivan's motion for summary judgment presents one straightforward <u>legal</u> issue – whether the noncompetition and non-solicitation provisions included in the Agreement signed by Plaintiff O'Sullivan and RSI are legally void and unenforceable under La. R.S.

23:921(C)? Pursuant to La. R.S. 23:921 and relevant Louisiana jurisprudence, the clear answer to this legal issue is "yes." Therefore, summary judgment declaring these provisions legally unenforceable is appropriate.

The Louisiana Supreme Court has noted that Louisiana has long had a strong public policy "disfavoring" noncompete and nonsolicitation provisions. *SWAT 24 Shreveport Bossier, Inc. v. Bond*, 2000-1695, 808 So. 2d 294, 298 (La. 2001), superseded on other grounds as recognized in *Lemoine v. Baton Rouge Physical Therapy, L.L.P.,* 135 So.3d 771 (La. App. 1st Cir. 2013). Louisiana state courts, "noting Louisiana's strong public policy against covenants in derogation of the common right to work, require strict compliance with the geographic and other limitations" of La. R.S. 23:921. *Lobrano v. C.H. Robinson Worldwide, Inc., et al.*, 2011 WL 52602 (W.D. La. 2011). Louisiana courts have consistently maintained that "non-compete agreements are strictly construed in favor of the employee and against the party attempting enforcement." *LaFourche Speech & Language Servs., Inc. v. Juckett*, 652 So.2d 679, 680 (La. App. 1st Cir. 1995), *citing Water Processing Tech. v. Ridgeway*, 618 So.2d 533, 536 (La. App. 4th Cir. 1993); *Pelican Pub. Co. v. Wilson*, 626 So.2d 721, 723 (La. App. 5th Cir. 1993); *see also Daiquiri's III on Bourbon, LTD v. Wandfluh*, 608 So.2d 222, 224, (La. App. 5th Cir. 1992), *writ denied* 610 So.2d 801 (internal citations omitted). The vast majority of Louisiana state court decisions rendered after the 1989 amendments to the statute make clear that "[i]n order to be valid, a non-compete agreement must strictly comply with the requirements of [the] statute." *LaFourche Speech*, 652 So.2d at 681, *citing Water Processing Tech.*, 618 So.2d at 536; *Comet Industries, Inc. v. Lawrence*, 600 So.2d 85, 87 (La. App. 2d Cir.), *writ denied*, 601 So.2d 1002 (La. 1992). The Fifth Circuit Court of Appeal has similarly recognized that, under Louisiana law, a "contract seeking to fit within an exception to this rule must strictly comply with the

requirements contained in the statute." *Team Environmental Servs., Inc. v. Addison,* 2 F.3d 124, 126-27 (5th Cir. 1993) (quoting *Comet, supra*).

La. R.S. 23:921 expressly provides that noncompetition and nonsolicitation provisions must designate a "specified parish or parishes, municipality or municipalities, or parts thereof." Accordingly, state and federal courts in Louisiana have made clear that noncompetition agreements that fail to specify the parish, municipality, or parts thereof are unenforceable. *Gearhard v. DePuy Orthopaedics, Inc.,* No. 99-1091, 1999 WL 638582, 4 (E.D. La. 1999). Here, the Agreement does not purport to limit the geographic scope of the restrictive covenants to any "specified parish or parishes, municipality or municipalities or parts thereof," as required by La. R.S. 23:921. Rather, the Agreement defines the "Restrictive Territory" as the "geographical area inside of a fifty (50) mile radius of any office or facility of Employer which exists or existed at any time during the Employment Relationship." This definition clearly does not comply with the statutory requirements. *See*, *e.g. Lobrano v. C.H. Robinson Worldwide, Inc.*, 2011 WL 52602, *5 (W.D. La. 2011) (noting that "Louisiana courts have refused to permit non-compete and non-solicit restrictive covenants in the following areas: … (3) where the contract provides an area defined by radial miles…."). The Agreement's failure to clearly and specifically identify the geographical limitations related to the purported restrictions on competition and solicitation renders those provisions legally null and void. *See, e.g.*, *Team Environmental Services, Inc. v. Addison*, 2 F.3d 124, 127 (5th Cir. 1993) (invalidating non-competition agreement prohibiting competition "within a two hundred (200) mile radius of Employee's base of operations at the time of termination"); *Francois Chiropractic Center v. Fidele*, 630 So. 2d 923, 926 (La. App. 4th Cir. 1993) (invalidating non-competition agreement prohibiting competition "within a ten (10) mile radius of the outer city limits of New Orleans,

Louisiana").

The disputed restrictive covenants also suffer from at least two other legal infirmities that are fatal to the provisions' validity and enforceability.  First, La. R.S. 23:921 "permits non-competition agreements only in parishes or municipalities where the employer 'carries on a like business.'" *Fidele*, 630 So. 2d at 926 (quoting La. R.S. 23:921).  Here, however, the restrictive covenants purport to extend into areas <u>outside</u> of where Defendant RSI does business, based on the fact that the purported "Restrictive Territory" is defined as a "fifty (50) mile radius of any office or facility of Employer which exists or existed at any time during the Employment relationship."  The only RSI locations in Louisiana are in Metairie and Covington, Louisiana.  Thus, the restrictive covenants are impermissibly overbroad.[2]  Second, La. R.S. 23:921(C) expressly provides that noncompetition and non-solicitation covenants involving an employer and employee may "not … exceed a period of two years from termination of employment."  Contrary to this statutory temporal limitation, the initial two-year restrictive period in this Agreement is automatically extended "for whatever length of time" any litigation (including appeals) challenging the enforcement of the covenants is pending.  Since Plaintiff O'Sullivan is challenging the enforceability of the covenants in this lawsuit, the restrictive period, as written and applied to him, exceeds the two year maximum period prescribed by La. R.S. 23:921(C), and is therefore, legally unenforceable.

Because the disputed restrictive covenants clearly violate La. R.S. 23:921(C), this Court should enter summary judgment in favor of Plaintiff O'Sullivan on Count I of his Amended Complaint, and should declare that paragraphs 5 through 8 (the noncompetition, restrictive territory and non-solicitation restraints) and paragraphs 11 and 13 (the applicable penalty and

---

[2] Moreover, the purported restrictions on solicitation of patients in paragraph 8 are completely null and void as this provision does not contain <u>any</u> geographical limitation at all, and therefore, is violative of La. R.S. 23:921(C).

remedy provisions for any alleged restraint violation) are void and unenforceable under controlling Louisiana law.

Pursuant to Rule 56, the attached Statement of Uncontested Material Facts Support the granting of Plaintiff O'Sullivan's motion for summary judgment.

## II.

## **PROCEDURAL POSTURE**

Plaintiff O'Sullivan filed the present lawsuit against Defendant RSI and its four individual members on January 25, 2017. (Doc. 1). Before the defendants responded, Plaintiff O'Sullivan amended his complaint on February 7, 2017. (Doc. 9). In lieu of filing an answer, the defendants moved to dismiss and/or to compel arbitration of various causes of action. (Docs. 24 and 25). The Court denied RSI's motion in connection with Plaintiff O'Sullivan's declaratory judgment count and compelled the remaining claims against RSI to arbitration in an Order and Reasons. (Doc. 39). In that same Order and Reasons, the Court denied the individual defendants' motion and granted leave of Court for Plaintiff O'Sullivan to propound discovery with respect to personal jurisdiction. (Doc. 39). During a telephone conference on May 9, 2017, the Court "suggested a manner in which counsel might resolve several outstanding legal issues." (Doc. 42). The parties agreed to the Court's suggested course of action. (Doc. 46 and 48). As a result, the Court dismissed the unjust enrichment claim against the individual defendants based upon a stipulation that the claim would be arbitrated, leaving only the declaratory judgment count (Count I) against RSI. (Doc. 48). Defendant RSI filed its Answer to Count I of the Amended Complaint on May 30, 2017. (Doc. 49).

- 6 -
PD.21377677.3

### III.

### **STANDARD OF REVIEW**

Summary judgment is appropriate when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *St. Martin v. Quintana Petroleum Corp.*, No. 98-2095, 2000 WL 1760699, *1 (E.D. La. 2000). "'If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial.'" *Id.* (citations omitted). "The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Id.* (citation omitted). Unsubstantiated, conclusory allegations, or the "mere existence of a scintilla of evidence" are not proper summary judgment evidence. *Lone Star Bakery, Inc. v. United States,* 2009 WL 3833436, at *2 (5th Cir. Nov. 17, 2009), *cert. denied* 562 U.S. 835 (2010). "'If the evidence is merely colorable, or is not significantly probative,'" summary judgment is appropriate. *Id.* (citation omitted). The existence of an immaterial factual dispute is also insufficient. *Barousse v. Paper, Allied-Indus., Chem & Energy Workers Int'l Union,* 2001 WL 872844, at *3 (5th Cir. July 10, 2001).

In the present case, the issue presented to this Court for resolution is purely legal – whether the restrictive covenants at issue comply with Louisiana law. Because this summary judgment motion presents a purely legal issue, no discovery is necessary or warranted. *See*, *e.g.*, *City of Alexandria v. Cleco Corp.*, 735 F.Supp.2d 465, 471 (W.D. La. 2010) ("In cases involving purely legal questions, as here, courts have repeatedly held that discovery is not warranted, because under such circumstances, discovery cannot produce any facts upon which

the motion may be denied") (internal citations omitted); *see also*, *Rosas v. U.S. Small Bus. Admin.*, 964 F.2d 351, 359 (5th Cir.1992) ("As the issues to be decided by the district court were purely legal in nature, the court did not abuse its discretion in deciding the summary judgment motion prior to completion of discovery.").

RSI states in its Answer of May 30, 2017, that "the Noncompetition and Nonsolicitation Agreement is a fully integrated, written document, the terms of which must be consulted to ascertain the meaning of any excerpt, portion or paraphrase." (Doc. 49, ¶¶ 17, 18, 35-39, 45-48, and 50).[3] The resolution of this issue is limited to the language in the parties' NonCompetition and NonSolicitation Agreement and therefore, summary judgment is clearly appropriate by this Court at this time.

## IV.

## CHOICE OF LAW

Louisiana substantive law governs the question at issue in this summary judgment motion; specifically, whether the noncompetition and non-solicitation restrictions in paragraphs 5 through 8 of the Agreement are legally null and void. The Agreement contains a choice-of-law provision in paragraph 14(b) designating Louisiana law as governing "all questions relating to [the Agreement's] validity … [and] enforcement." See Exhibit 1 to Exhibit A at ¶ 14(b)). The Agreement's choice-of-law provision is enforceable under Louisiana law.[4] *See*, *e.g.*, *Curtis Callais Welding, Inc. v. Stolts Comex Seaway Holdings, Inc.*, No. 04-30003, 2005 WL 408144,

---

[3] Paragraph 14(e) of the Agreement states that this "Agreement contains the entire understanding among the parties hereto and with respect to the subject matter hereof, and that it supersedes all prior and contemporaneous agreements and understandings, inducements or conditions, express or implied, oral or written, except as herein contained. This Agreement may not be modified or amended other than by an agreement in writing and signed by the Party against whom enforcement is sought."

[4] "Because this Court is exercising diversity jurisdiction over this dispute, the conflicts doctrine of the forum state, *i.e.* Louisiana, applies to determine whether the contractual choice of law provisions are enforceable." *Restivo v. Hanger Prosthetics & Orthotics, Inc.*, 483 F.Supp.2d 521, 529 (E.D. La. 2007).

\*52 (5th Cir. 2005) (citation omitted).[5] Moreover, even if there were no choice-of-law provision, Louisiana law would still apply because performance of the Agreement is to occur in Louisiana. Plaintiff O'Sullivan is a Louisiana citizen. *See* Exhibit A. RSI has only two locations in Louisiana, one in Covington and one in Metairie. *See* Exhibit A. *Cf. Hanover Petroleum Corp. v. Tenneco Inc.*, 521 So.2d 1234 (La. App. 3rd Cir. 1993), *writ denied,* 526 So.2d 800 (La. 1988) (holding that Louisiana law governed, notwithstanding that the contract was signed in Texas and that parties were not residents of Louisiana, where performance of contract was to occur in Louisiana.).

## V.

## **RELEVANT LOUISIANA LAW**

"Louisiana has had a strong public policy disfavoring non-competition agreements between employers and employees." *Choice Professional Overnight Copy Service, Inc. v. Galeas*, 66 So.3d 1216, 1220 (La. App. 4th 2011), *writ denied,* 71 So.3d 287 (2011). "Thus, Louisiana's longstanding public policy has been to prohibit or severely restrict such agreements." *Id.* This Honorable Court similarly recognized in its Order and Reasons that non-compete clauses "are widely disfavored." Louisiana's strong public policy disfavoring noncompetition agreements is reflected in La. R.S. 23:921(A)(1), which provides, in relevant part:

> Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void.

---

[5] In fact, La. R.S. 23:921(A)(2) expressly provides that "[t]he provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employer after the occurrence of the incident which is the subject of the civil or administrative action."

- 9 -

*Choice Professional Overnight Copy Service, Inc.*, 66 So.3d at 1220 (quoting La. R.S. 23:921(A)(1)).

La. R.S. 23:921 contains very limited exceptions to the strong public policy disfavoring non-compete agreements involving employers and employees, and these limited exceptions are strictly construed. As the Western District Court of Louisiana noted in *Lobrano,* the "majority of Louisiana state courts . . . require strict compliance with the geographic specification requirements of La. R.S. 23:921. The specification requirement places a higher burden on the employer to draft the employment agreement with certainty as to the area in which the employee will be proscribed from competing with the employer or soliciting its customers. This higher burden reflects the public policy of Louisiana." *Lobrano, supra.* In a recent ruling, *Affordable Roofing, Siding, and Gutters, Inc. v. Artigues,* No. CV 16-16872, 2017 WL 713693, at *3 (E.D. La. Feb. 23, 2017), this Court stated that "both the text of La. R.S. 23:921 as well as the policy concerns motivating adoption of the provision preclude this Court from adopting Affordable's position that the non-compete clause is valid notwithstanding Affordable's failure to strictly comply with La. R.S. 23:921."

The limited statutory exceptions are set forth in 23:921(C), which provides, in relevant part:

> C. Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer **within a specified parish or parishes, municipality or municipalities, or parts thereof**, so long as the employer carries on a like business therein, **not to exceed a period of two years from termination of employment**….

La. R.S. 23:921(C) (emphasis added). "Under this provision, an [employee] may enter into agreements not to compete and not to solicit customers <u>within a specified geographical area</u> <u>for a period of no more than two years</u>." *Restored Surfaces, Inc. v. Sanchez*, 82 So.3d 524, 528 (La. App. 5 Cir. 2011) (emphasis added).[6]

"The exceptions set forth in La. R.S. 23:921(C) must be strictly construed, and agreements confected pursuant to this provision must strictly comply with its requirements." *Restored Surfaces, Inc.*, 82 So.3d at 528. As the District Court in *Lobrano* noted, "Louisiana courts have held that geographic limitations defined by radial miles (as in the present case) offend" La. R.S. 23:921. In *AMCOM of Louisiana, Inc. v. Battson,* the Louisiana Supreme Court reinstated a trial court judgment that struck the portion of the geographical limitation that proscribed competition "within a seventy-five (75) mile radius of Shreveport or Bossier City, Louisiana." 670 So.2d 1223 (La. 1996), *rev'g* 666 So.2d 1227 (La. App. 2nd 1996). Without discussion, the Supreme Court reinstated the judgment which enforced the portion of the geographic limitation that specified parishes and municipalities, but <u>not</u> the portion of the geographic limitation that stated a broad area defined in radial miles. *Battson*, 670 So.2d at 1223. In the present case, the disputed language in the definition of "Restrictive Territory" is even broader than that stricken by the Louisiana Supreme Court in *Battson* in that this provision does not even identify the specific municipality related to the 50 mile radius. Clearly, this provision is not valid under Louisiana law.

Similarly, the Fifth Circuit invalidated a noncompetition agreement prohibiting competition "within a two hundred (200) mile radius of Employee's base of operations at the time of termination," in part, because this restriction "prohibit[ed] competition within 200 miles

---

[6] As stated in footnote 2 above, paragraph 8 of the Agreement which purports to preclude the solicitation of patients of RSI, has no geographic limitation at all. Therefore, this provision is clearly null and void under Louisiana law.

of the employees' base of operations rather than specifying the parishes or municipalities in which [the employer] does business." *Team Environmental Services, Inc. v. Addison*, 2 F.3d 124, 126-27 (5th Cir. 1993). The Fifth Circuit held that Louisiana jurisprudence requires "a geographic term which substantially conforms to the statute by identifying with reasonable certainty those areas in which the employer lawfully may prohibit competition." *Id.* at 127.

To the same effect, a noncompetition agreement prohibiting competition "within a ten (10) mile radius of the outer city limits of New Orleans, Louisiana" was invalidated because the restriction "does not strictly conform to [LSA–R.S. 23:921(C)] in that it does not clearly specify that the proscribed area is limited to the municipality of New Orleans." *Francois Chiropractic Center v. Fidele*, 630 So. 2d 923, 926 (La. App. 4th Cir. 1993).

The federal courts in Louisiana have generally interpreted La. R.S. 23:921 strictly and held that many of the noncompetition agreements at issue were null and void. In *Affordable Roofing,* this Court found "that the clear language of LSA – R.S. 23:921 requires that the agreement specify the parishes. . . ." In *Ashland Chemical, Inc. v. Lombardino,* 1993 WL 390147 (E.D. La.), *affirmed,* 15 F.3d 1079 (5th Cir. 1994), the court restated Louisiana's strong public policy regarding noncompete provisions and held that because the parties did not specify the parishes in which the plaintiff conducted business nor the parishes in which the defendant was to refrain from conducting similar business, the noncompetition covenant was too vague for the court to find that it fell within section 921(C), since the general rule is that noncompetition agreements of this kind are contrary to the public policy of Louisiana. Also, in *Frederic v. KBK Financial, Inc.,* 2000 WL 805233 (E.D. La. 2000), the district court, relying upon Louisiana's strong public policy against noncompetition contracts which prohibit former employees from competing with the former employer, as well as the line of cases which state that the failure to

specify the geographical limitations of a noncompetition agreement will render the agreement null and void, held that the noncompetition agreement between the parties was null and void because it failed to specify the geographic restriction.[7]

Louisiana jurisprudence is generally to the effect that a limitation on competition or solicitation that fails to specify the "parish or parishes, municipality or municipalities, or parts thereof" where the employer carries on its business is unenforceable. *Comet Industries, Inc. v. Lawrence,* 600 So.2d 85, 87 (La. App. 2nd Cir. 1992). In the present case, it is clear that the restrictive covenants are unenforceable.[8]

---

[7] *See also Maintenance Supply Co., Inc. v. Raymond,* 1996 WL 635996 (E.D. La.), *affirmed,* 163 F.3d 1354 (5th Cir. 1998), where the federal district court, relying upon the Fifth Circuit's decision in *Team Environmental Services, Inc. v. Addison,* 2 F.3d 124 (5th Cir. 1993), found that even under the 1989 amendments to the statute, a noncompetition agreement must strictly comply with the statute to fit the exception to the general rule prohibiting such agreements. In *Raymond,* the Court held that La. R.S. 23:921 requires strict construction and therefore does not allow the plaintiff to assert a claim against a defendant based upon an oral noncompetition agreement.

Also, in *Merrill Lynch, Pierce, Fenner v. Doubleday,* 2000 WL 1716271 (E.D. La.), the court denied the plaintiff's request for a temporary restraining order based upon the noncompetition agreement executed between the parties, and quoted the Second Circuit's ruling in *Swat 24 Shreveport Bossier, Inc. v. Bond* to this effect: a covenant not to compete contained in an employment agreement is disfavored in Louisiana because it may function to deprive a person of his livelihood. Such a covenant will be enforced only if it meets narrowly proscribed criteria. *Id. citing, Swat 24 Shreveport Bossier, Inc. v. Bond,* 759 So.2d 1047, 1050 (La. App. 2d Cir. 2000). Therefore, the court held that the likelihood of success on the merits, a prerequisite to the issuance of a temporary restraining order, was not assured such that the plaintiff's motion for TRO would be denied.

[8] In its Order and Reasons in *Boudreaux v. OS Restaurant Services, L.L.C., et al,* Case No. 14-1169, this Court noted that "other courts have stated that enforcement of an illegal noncompetition agreement can form the basis of a [Louisiana Unfair Trade Practices Act] claim." *Boudreaux v. OS Rest. Servs., L.L.C.*, No. CIV.A. 14-1169, 2015 WL 349558, at *4 (E.D. La. Jan. 23, 2015) (citing *Gearheard v. DePuy Orthopaedics, Inc.,* No. 99-1091, 2000 WL 533352 (E.D. La. Mar. 17, 2000) (Clement, J.); *Landrum v. Bd. of Comm'rs of the Orleans Levee Dist.,* 685 So.2d 382, 389 n. 5 (La. App. 4 Cir. 1996), *rehearing denied* Jan. 23, 1997 ("[T]he Supreme Court appears to have recognized that a breach of an employer's 'obligation not to enforce an illegal non-solicitation agreement against its employee' is actionable under this statute [LUTPA].") (citing dicta in *Preis v. Standard Coffee Serv. Co.,* 545 So.2d 1010, 1013 (La. 1989))).

PD.21377677.3

## VI.

## **LEGAL ARGUMENT**

The noncompetition, restrictive territory and non-solicitation restrictive covenants set forth in paragraphs 5 through 8 of the Agreement are null and void because they violate controlling Louisiana statutory law, case law and public policy, in at least three different ways.

As recognized by the District Court in *Lobrano,* "under the express language of the statute and the majority view of the Louisiana Courts of Appeal, the statutory requirement is two-fold: the geographic scope of non-compete/non-solicit clauses must 1) list the parishes (counties) or municipalities in which the clauses apply, and 2) must be areas in which the employer actually does business." According to the Court, La. R.S. 23:921 "provides an objective standard for defining the geographic regions, that is each parish (county) or municipality must be identified."

Contrary to the statutory requirements as outlined in La. R.S. 23:921, the restrictive covenant in the subject Agreement defines the scope of the restrictive territory to be "a fifty (50) mile radius of any office or facility of Employer which exists or existed at any time during the Employment relationship." *See* Exhibit 1 to Exhibit A at ¶ 7. Courts have held that similarly worded restrictions are violative of La. R.S. 23:921(C). *See, e.g.*, *Team Environmental Services, Inc. v. Addison*, 2 F.3d 124, 127 (5th Cir. 1993); *Francois Chiropractic Center v. Fidele*, 630 So. 2d 923, 926 (La. App. 4 Cir. 1993).[9]

Also, in regards to the geographic restrictions, La. R.S. 23:921 "permits non-competition agreements only in parishes or municipalities where the employer 'carries on a like business.'"

---

[9] This Court has held that summary judgment is appropriate when the geographic restriction in a covenant not to compete is overly broad. *Affordable Roofing, Siding, & Gutters, Inc. v. Artigues*, No. CV 16-16872, 2017 WL 713693, at *3 (E.D. La. Feb. 23, 2017) (granting a motion for partial summary judgment because the non-compete agreement which had an overly broad geographic restriction was null and void).

*Francois Chiropractic Center v. Fidele*, 630 So. 2d 923, 926 (La. App. 4th Cir. 1993) (quoting La. R.S. 23:921). The "Restrictive Territory" at issue is not limited to parishes or municipalities where RSI carries on its business, but instead may impermissibly extend to parishes and municipalities where RSI carries on *no business at all*. Because the restrictive territory's scope is "the geographical area inside of a fifty (50) mile radius of any office or facility of Employer which exists or existed at any time during the Employment relationship," Exhibit 1 to Exhibit A at ¶ 7, Plaintiff O'Sullivan would be precluded from competing or soliciting patients in other parts of Louisiana even though Defendant RSI carries on no business in other parts of Louisiana.

Finally, La. R.S. 23:921(C) imposes a time limitation on the restrictions for a period not to exceed two years from termination of employment. The time limitation applicable to Plaintiff O'Sullivan exceeds two years since the initial two-year term is **automatically extended** where, as here, Plaintiff O'Sullivan files suit to challenge the enforceability of the covenants. *See* Exhibit 1 to Exhibit A at ¶ 6(b); *see also, Allied Bruce Terminix Companies, Inc. v. Ferrier*, 634 So. 2d 44, 45 (La. App. 1st Cir. 1994) (finding that a noncompetition agreement which seeks to extend the two-year restriction when a legal action is brought to enforce the agreement is null and void)

The aforementioned infirmities are fatal to the validity and enforceability of the disputed restrictive covenants. *See*, *e.g.*, *Team Environmental Services, Inc.*, 2 F.3d at 127; *Francois Chiropractic Center*, 630 So. 2d at 926.

Defendant RSI may attempt to argue that Court can cure the infirmities in the Agreement noted above by reforming the Agreement to comply with Louisiana law, in accordance with paragraph 9.f. of the Agreement, which reads, "If the period of time or geographic area specified in this Agreement should be adjudged unreasonable in any proceeding, then the period of time or

- 15 -

geographic area shall be reduced by the reduction of such portion thereof so that such restrictions may be enforced for such time or geographical area as is adjudged to be reasonable and enforceable, and shall not affect the enforceability of any other provision" Exhibit 1 at Exhibit A at ¶ 9.f. Such an argument is foreclosed by *Affordable Roofing* and *Lobrano* and the cases cited therein.

In *Affordable Roofing,* this Court declined Affordable's request to rewrite the non-compete provision), *citing Kimball v. Anesthesia Specialists of Baton Rouge, Inc.*, 809 So.2d 405, 413 (La. App. 1 Cir. 2001), that "[w]e cannot simply rewrite the non-compete clause as to make it comply with the statute." Similarly, the Western District of Louisiana pointed out in *Lobrano*, while courts may *strike out* offensive provisions, they may not *rewrite* offensive provisions. Indeed, as *Lobrano* notes, the Fifth Circuit Court of Appeals and some Louisiana state courts have refused to save a contract by reformation that "required more than the striking of an offensive provision." 2011 WL 52602 at *9 (citing *Team Environmental Servs., Inc. v. Addison*, 2 F.3d 124 (5th Cir. 1993) and *Comet Indus., Inc. v. Lawrence*, 600 So.2d 85 (La. App. 2nd Cir. 1992)). The Fifth Circuit, in refusing to reform and rewrite a void restrictive covenant, noted, "Were courts to reform and enforce agreements like those at bar, employers would be free routinely to present employees with grossly over-broad covenants not to compete. While the employer presumptively would know that the agreement would be enforced only to the limit of the law, the employee likely would not. The result would be an impact on the employer-employee relationship not intended by the legislature...." *Addison*, 2 F.3d at 127. Here, the court would be compelled to do more than simply strike the offensive restrictions; the court would be required to rewrite the restrictive covenants – something that would contravene the Fifth Circuit decision of *Addison*.

## VII.

## CONCLUSION

Louisiana law is clear that restrictive covenant agreements between employers and employees "must strictly comply with [LSA-R.S. 23:921(C)] requirements." *Restored Surfaces, Inc. v. Sanchez*, 82 So.3d 524, 528 (La. App. 5 Cir. 2011).  The noncompetition, restrictive territory and non-solicitation provisions set forth in paragraphs 5 through 8 of the Agreement, to which Plaintiff O'Sullivan is allegedly bound, are clearly non-compliant, as well as the penalty and remedy provisions in paragraphs 11 and 13.  Also, the survivability and severability provisions in paragraph 9 do not save these legally invalid provisions of the Agreement and therefore, are legally void.  Thus, the disputed provisions are void and unenforceable, such that summary judgment is ripe and legally appropriate.  As Defendant RSI avers in its Answer, the Agreement is a "fully integrated, written document, the terms of which must be consulted to ascertain the meaning of any excerpt, portion, or paraphrase."  Discovery is clearly not necessary for this Court to rule on Plaintiff's motion for summary judgment and any request by Defendant to engage in discovery is for the purpose of delay.

Accordingly, Plaintiff O'Sullivan respectfully requests that this Court grant Plaintiff O'Sullivan's motion for  summary judgment on its declaratory judgment count, and enter an Order declaring that various provisions of the Agreement, which include paragraphs 5 – 8, 11 and 13 are null and void: 1) covenant not to compete/solicit in the alleged "Restrictive Territory"; 2) covenant not to solicit patients; 3) automatic extension of the "Restrictive Period"; and 4) injunctive relief and liquidated damages provisions.  Moreover, Plaintiff O'Sullivan respectfully requests that this Court declare that Plaintiff is entitled to completely and freely practice as a medical doctor, including continuing to practice in the specialized field of

Ophthalmology and performing retina surgery; that there are no geographic or temporal restrictions whatsoever on Plaintiff's ability to practice Ophthalmology and to perform retina surgery or to solicit any patients; and that Plaintiff will not be subject to injunctive relief or liquidated damages or to any other legal actions by RSI should he cease working for Defendant RSI, and for all other relief expressly requested by Plaintiff in Count I of his Amended Complaint.

        Respectfully submitted,

        **PHELPS DUNBAR LLP**

        BY:   */s/ Kim M. Boyle*
                KIM M. BOYLE (#18133)
                Canal Place
                365 Canal Street, Suite 2000
                New Orleans, Louisiana 70130-6534
                Telephone: 504-566-1311
                Telecopier: 504-568-9130
                Email:  kim.boyle@phelps.com

        **ATTORNEY FOR PLAINTIFF, SEAN O'SULLIVAN, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

        */s/ Kim M. Boyle*