UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEAN O'SULLIVAN, M.D. | * | CIVIL ACTION NO. 17-609 |
| | * | |
|     Plaintiff, | * | SECTION "I" |
| | * | JUDGE AFRICK |
| VERSUS | * | |
| | * | MAG. DIV (1) |
| SUNIL GUPTA, M.D., LLC (d/b/a RETINA | * | MAGISTRATE JUDGE VAN |
| SPECIALTY INSTITUTE), | * | MEERVELD |
| SUNIL GUPTA, MAGDALENA SHULER, | * | |
| JOHN MYERS, and ALAN FRANKLIN, | * | |
| | * | |
|     Defendants. | * | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

    Plaintiff, Sean O'Sullivan ("Plaintiff" or "O'Sullivan"), without waiving and expressly maintaining his claims for relief against Defendant, RSI, files this reply memorandum in support of his motion for summary judgment (Doc. 52). Plaintiff respectfully requests that this Honorable Court grant its motion, *in toto*, as Defendant has not raised any genuine issue of material fact to prelude the entry of summary judgment in favor of Plaintiff on Count I for Declaratory Judgment. Moreover, Defendant, RSI, has no basis to request that this Court "uphold as enforceable," any other provisions in the parties' "Non Competition and Non Solicitation Agreement" ("Agreement") as any such request by RSI is not properly before this Court. The only issue currently pending before the Court is Plaintiff's request for summary judgment concerning various provisions of the Agreement.

I.  **RSI IS NOT CONTESTING THAT PORTIONS OF THE AGREEMENT VIOLATE LA. R.S. § 23:921.**

In its answer to the Amended Complaint, Defendant Retina Specialty Institute ("RSI") denied that any portion of the parties' Agreement was invalid or unenforceable as violative of La. R.S. 23:291.  RSI no longer contests that the following provisions are invalid and unenforceable under La. R.S. 23:291:

- the entirety of subsections (a), (b), and (c) of Section 5 of the Agreement;
- a portion of subsection (d) of Section 5 of the Agreement;
- the entirety of subsection (a)(1) of Section 8 of the Agreement;
- a portion of subsection (a)(2) of Section 8 of the Agreement;
- the entirety of subsection (b) of Section 8 of the Agreement; and
- the entirety of subsection (d) of Section 8 of the Agreement.

*See* Doc. 55 at pp. 2-3.  Accordingly, Plaintiff O'Sullivan is clearly entitled, at a minimum, to a judgment from this Court declaring that the foregoing provisions are invalid and unenforceable, such that there are no geographic and temporal restrictions whatsoever on Plaintiff's ability to practice ophthalmology and to perform retina surgery and to solicit any patients.

II.  **THE ENTIRETY OF SUBSECTION (D) OF SECTION 5 OF THE AGREEMENT IS VOID.**

Notwithstanding RSI's very recent concession in its Opposition that various provisions of the Agreement are unenforceable, in a baseless effort to salvage some aspects of the unenforceable non-competition/non-solicitation provisions, RSI now asserts that a portion of Section 5 of the Agreement, which is specifically entitled "**Covenant Not to Compete**," should be characterized as a non-disclosure (or confidentiality) clause and, thus, is not subject to La. R.S. 23:291.  However, when Section 5(d) is read in context as a part of the overall "Covenant Not to Compete" outlined in Section 5, it is clear that this subsection also restrains Plaintiff from "exercising a lawful profession, trade or business of any kind," in clear violation of La. R.S. 23:921:

> **5. COVENANT NOT TO COMPETE.** Employee covenants and agrees that during both the course of his employment and for a restrictive period of two (2) years following either the expiration or termination of Employee's employment with Employer for any reason, <u>Employee shall not</u> either solely or in connection with or through others (other than solely within the scope of his employment and for the benefit of the Employer):
>
> \*\*\*
>
> **d. accept or engage in any business or activity that requires him to use or reveal any confidential business information (defined above).**
>
> **Notwithstanding the foregoing, Employer hereby agrees the terms of this Section 5 shall not restrict Employee's concurrent assignment by Employer as Assistant Professor of Ophthalmology – Clinical at LSU Eye Center of Excellence of the Department of Ophthalmology of Louisiana State University School of Medicine. Employee's assignment as Assistant Professor of Ophthalmology – Clinical shall not constitute a breach of this Section 5.**

*See* Exhibit 52-2 at Exhibit 1 at ¶ 5.

In stark contrast to a normal confidentiality/non-disclosure agreement, Section 5(d) does not impose any restrictions (nondisclosure, confidentiality, or otherwise) on Dr. O'Sullivan *after* he begins employment with another employer.  Rather, Section 5(d) bars Dr. O'Sullivan *from ever "accept[ing] or engag[ing]* in any business or activity" where he would be required to "<u>use or reveal</u> any [of RSI's] confidential business information."  Specifically and by way of example, RSI has conceded that the non-competition/non-solicitation provisions are governed by La. R.S. 23:921, such that Plaintiff can clearly solicit RSI's patients as there are no prohibitions against doing so.  However, RSI's assertion that Plaintiff cannot "accept or engage in any business or activity that requires him to **use** or **reveal** any confidential business information," would theoretically preclude Dr. O'Sullivan from using the patient's own records should such patients be treated by him once he leaves RSI.  (§ 8(c) and (e)).  RSI's attempt to circumvent the

unenforceable non-competition/non-solicitation provisions by characterizing § 5(d) as a "confidentiality" clause should not be allowed by this Court.

RSI's argument that a portion of Section 5(d) should be construed as a non-disclosure/confidentiality clause also ignores three other important points about the Agreement. First, as stated, Section 5(d) is entitled "Covenant Not to Compete," without any reference to a non-disclosure or confidentiality covenant. *See* Doc. 52-2 at Exhibit 1 at ¶ 5.d. Second, Section 8 is the section entitled "Covenant Not to … Disclose." *See* Doc. 52-2 at Exhibit 1 at ¶ 8. Finally, Section 5 contains an exception (the "Exception Provision") immediately after Section 5(d), concerning "***Employee's assignment as Assistant Professor of Ophthalmology – Clinical shall not constitute a breach of this Section 5***." If RSI is correct that Section 5 contains a non-disclosure or confidentiality clause (set forth in subsection (d)), then, pursuant to the Exception Provision, Dr. O'Sullivan could disclose RSI's confidential information to faculty, staff, and students at the LSU Eye Center of Excellence without breaching Section 5(d) or incurring any liability under Section 5. Clearly, RSI never intended to allow its alleged "confidential information" to be disseminated to faculty, staff, and students. For this reason, it is equally clear that Section 5(d), which is expressly part of the "Covenant Not to Compete" is a non-competition/non-solicitation provision, and that the Exception Provision was included in the Agreement so that Dr. O'Sullivan could accept a particular job with another employer without violating Section 5.

Notwithstanding that Section 5(d) constitutes a non-competition/non-solicitation provision violative of La. R.S. 23:921, Section 5(d) is null and void because the alleged information at issue is not "confidential." In the event this Court interprets paragraph 4(b) as defining "confidential information," a quick review of these items shows that they are indeed not confidential, and thus are not protected and are an unlawful restraint on Dr. O'Sullivan

- 4 -

conducting a new competitive business in violation of La. R.S. § 23:921.  For example, each item in 4(b) is not confidential:

    a.    "Patient lists and data" are not confidential as set forth in more detail below;
    b.    "third party information" is overbroad and cannot be ascertained with any specificity and therefore is not confidential;
    c.    "Billing rates" and "fee structures for services" and "fee schedules with managed care plans, hospitals, and other third-party payors" are not confidential as they are published to the public and to third-party payors;
    d.    "Patient Records" are not confidential as set forth below;
    e.    "Clients" are not confidential as set forth in more detail below;
    f.     "Service Areas" are not confidential since RSI lists its offices on its website;
    g.    " Marketing Plans" is so unspecific in detail that Dr. O'Sullivan cannot reasonably be asked to assume what he can and cannot perform;
    h.    "Protocols and Procedures" are the practice of medicine for Dr. O'Sullivan, and RSI already concedes that Dr. O'Sullivan can practice medicine elsewhere; and
    i.    "goodwill and reputation" is not something that is held in confidence.

Because Section 5(d) is a non-competition and non-solicitation provision in its entirety, and because Section 5(d) does not protect any alleged "confidential information," all of Section (d) of the Agreement is subject to and void because of La. R.S. § 23:921.  Accordingly, the Court should strike down Section 5 of the Agreement in its entirety.

**III.    OTHER DECLARATORY JUDGMENT ISSUES RAISED BY RSI.**

RSI asserts that the following bolded portions of Section 8(a)(2) are not subject to the statutory requirements of La. R.S. § 23:291, and, thus, should not be declared enforceable by the Court:  "**Employee also covenants and agrees that during the period of time set forth in Paragraphs 5 and 6 above, Employee shall not, for himself, or on behalf of another person(s) or business(es): … (2) solicit, hire, contract with or retain the agents, employees**, Clients, managed care plans, referral sources, and third-party payers **which currently are or were engaged by the Employer during the duration of Employee's employment with Employer**[.]…"  *See* Doc. 55 at pp. 2-3.

Dr. O'Sullivan is not seeking a declaratory judgment on the bolded portions because the bolded portions are triggered only *after* Dr. O'Sullivan has severed his employment with RSI, and RSI employees indicate they intend to seek employment with Dr. O'Sullivan's new practice. Since Dr. O'Sullivan is still employed by RSI, the bolded portions have not yet triggered. Consequently, a declaratory judgment on the bolded portions is not ripe for adjudication, as there is no live controversy or dispute as to the bolded portions.  Without waiving and expressly maintaining its assertion that this issue is not ripe and not properly before the Court because Plaintiff is not seeking a declaration of his rights, if, however, the Court is inclined to issue a declaratory judgment on the bolded portions of Section 8(a)(2), then the Court should declare that the bolded portions are overbroad and unenforceable.  Section 8(a)(2) purports to prohibit, for a period of two years, Dr. O'Sullivan from soliciting or hiring any former RSI employee who was employed at any time during Dr. O'Sullivan's tenure with RSI.  Dr. O'Sullivan has been employed by RSI since March 1, 2013.  *See* Doc. 52-2 at Exhibit A at ¶ 2.  Therefore, under Section 8(a)(2), RSI's position that Dr. O'Sullivan would not be able to solicit or hire a former employee who voluntarily quit RSI on March 2, 2013 – more than four years ago – for a period of two years following Dr. O'Sullivan's last day of employment with RSI.  This prohibition is overbroad, unreasonable, illogical, and punitive.

In addition, Section 8(a)(2) purports to prohibit, for a period of two years, Dr. O'Sullivan from hiring any current RSI employees who may want to leave RSI's employment voluntarily, without any encouragement or inducement by Dr. O'Sullivan.  In other words, Dr. O'Sullivan is purportedly barred from hiring a current RSI employee who, preferring to work for Dr. O'Sullivan, actively seeks out Dr. O'Sullivan for employment opportunities (as opposed to Dr. O'Sullivan soliciting that employee). For the foregoing reasons, while not ripe, to the extent the Court is inclined to issue a declaratory judgment as to bolded portions of Section 8(a)(2), the

Court should declare that they are unenforceable. The Court should declare that all of Section 8(a)(2) is void.

RSI also contends that Section 8(a)(3) is not subject to the statutory requirements of La. R.S. § 23:291, and, thus, should not be declared void and unenforceable by the Court. Section 8(a)(3) reads: "Employee also covenants and agrees that during the period of time set forth in Paragraphs 5 and 6 above, Employee shall not, for himself, or on behalf of another person(s) or business(es): … (3) induce or attempt to induce any agent, employee, Client or representative of the Employer to sever or otherwise alter their relationship with the Employer." *See* Doc. 55 at pp. 2-3. Dr. O'Sullivan is not seeking a declaratory judgment on Section 8(a)(3) because a declaratory judgment action on this covenant is not yet ripe for adjudication, and this covenant is triggered once Dr. O'Sullivan ceases his employment with RSI. Currently, there is no actual controversy or dispute as to Section 8(a)(3). Without waiving and expressly maintaining his assertion that this issue is not ripe and also not properly before the Court, if, however, the Court is inclined to issue a declaratory judgment on Section 8(a)(3), then Dr. O'Sullivan agrees that all of Section 8(a)(3) is enforceable except for the word "Client." Dr. O'Sullivan has a right to solicit RSI's Clients, and RSI has acknowledged as much in its opposition brief. Specifically, on page 2 of its opposition brief, RSI admits that the portion of Section 8(a)(2) purporting to prohibit Dr. O'Sullivan from soliciting "Clients" is unenforceable. *See* Doc. 55 at p. 2 at Paragraph 8(a)(2) (the word "Client" is not bolded, meaning that RSI is not contesting its invalidity). Accordingly, the Court should strike the word "Client" from Section 8(a)(3).

Finally, RSI contends that Section 8(c), (e), and (f) are not subject to the statutory requirements of La. R.S. § 23:291, and, thus, should not be declared void and unenforceable by the Court. *See* Doc. 55 at pp. 2-3. These sections read:

      c. **Employer's Ownership.**  All equipment, supplies, samples, forms, contracts, charts, logs, brochures, building information, patient records, policies and procedures, books, computers software, or any other materials, purchased, made or obtained by Employer are and shall remain the sole property of Employer.

***

      e. **Employer's Medical Records.**  All patient/client records created or made by Employee in the course of delivering services for Employer shall be and remain the property of the Employer and Employer shall be their owner.  Should Employee's employment terminate for any reason, then the Parties agree that the Employer is to keep all original patient records.

      f. **Employer's Systems and Methods.**  It is expressly understood that the leases, contracts and managed care agreements, space sharing agreements, and other agreements of Employer as well as all fees schedules, systems, methods, procedures, Client information and lists, patient information and lists, and controls employed by Employer in the delivery of retinal services, and all patient books and records, are proprietary in nature and shall remain the property of Employer and shall at no time be utilized, distributed, copied, summarized, used, employed or required by Employer, except to the limited extent this may be necessary as part of Employee's employment.

*See* Doc. 52-2 at Exhibit 1 at ¶¶ 8(c), (e), and (f).

      As stated, Dr. O'Sullivan is not seeking a declaratory judgment on Section 8(c), (e), or (f) because a declaratory judgment action on any of these provisions is clearly not yet ripe for adjudication.  These provisions are triggered once Dr. O'Sullivan severs his employment with RSI and needs to notify his patients of his new practice.  Currently, there is no actual controversy or dispute as to Section 8(c), (e), and (f).  Again, without waiving and expressly maintaining his assertion that this issue is not ripe and also not properly before the Court, if, however, the Court is inclined to issue a declaratory judgment on Section 8(c), (e), or (f), then the Court should declare that these provisions are unenforceable to the extent they apply to medical records.  The Louisiana State Board of Medical Examiners ("LSBME") has provided a statement of position regarding how medical records are transitioned, how patients should be notified, and what

information should be made available to the patients and the departing physician when a physician leaves a practice.  *See* http://www.lsbme.la.gov/sites/default/files/documents/Statements%20of%20Position/Med%20Records%20of%20Physician%20Upon%20Departure.pdf.  This statement of position incorporates 4LAC 46:XLV.7603A.10.c and 10.d. and the American Medical Association's ("AMA") Code of Medical Ethics, Opinion 7.03 to set the standard of conduct that is expected of physicians working with a physician who is leaving a medical practice and that is also expected of the departing physician.

The LSBME's position is clear that failing to notify patients in advance of a physician's departure from a practice, withholding a departing physician's new contact information, and refusing to provide a list of patients that a physician has treated or records with proper authorization to accommodate patient choice for continuity of care, are not in the best interests of patients or the physicians who provide their care.  The LSBME is also clear in its statement of position that failing to act in accordance with the best interests of the patients or the physicians who provide their care in these situations could be considered unprofessional conduct and a violation of the Medical Practice Act and the LSBME's rules, including, but not limited to, La. Rev. Stat. §37:1285A(13), (30) and 4LAC 46:XLV.7603A.10.c and 10.d.  Accordingly, to the extent Sections (c), (e), and (f) purport to prohibit Dr. O'Sullivan from receiving a list of patients that he has treated for purposes of properly notifying such patients of his departure from RSI and properly notifying such patients of their rights to have their medical records transferred to Dr. O'Sullivan or from receiving records from patients who have authorized Dr. O'Sullivan to receive their records, the Court should declare that these provisions are unenforceable.

**IV.     DR. O'SULLIVAN'S CLAIMS ARISING OUT OF THE EMPLOYMENT AGREEMENT ARE TO BE HELD BY THIS COURT FOR FINAL ADJUDICATION OR DISMISSED, WITHOUT PREJUDICE.**

- 9 -

In its Orders dated May 1, 2017 (Doc. 39) and May 30, 2017 (Doc. 48), this Court compelled to arbitration those claims Dr. O'Sullivan asserted against RSI and the individual defendants which arose from the Employment Agreement. The Court found that the arbitration provision in the Employment Agreement and the forum selection clause in the same agreement were not mutually repugnant, holding:

> Court litigation may follow litigation, and a forum selection agreement may specify where such post-arbitration litigation should take place. As such, the provisions in the employment agreement can be reconciled, especially considering that the arbitration provision specifically contemplates that litigation may follow the alternative dispute resolution required by contract. *See* R. Doc. No. 24-3, at 12 ("No litigation shall be commenced unless the following procedures are followed.").

*See* Doc. 39 at p. 7.

Based on the foregoing holding, and because Dr. O'Sullivan intends to assert additional claims in the arbitration proceeding, Dr. O'Sullivan respectfully asks this Court to maintain jurisdiction over this action pending the outcome of arbitration. Alternatively, Dr. O'Sullivan requests the Court to specify that all claims arising out of the Employment Agreement are dismissed without prejudice so that Dr. O'Sullivan can seek redress for these wrongs in a separate action.

        Respectfully submitted,
        **PHELPS DUNBAR LLP**

BY:   */s/ Kim M. Boyle*
        KIM M. BOYLE (#18133)
        Canal Place
        365 Canal Street, Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: 504-566-1311
        Telecopier: 504-568-9130
        Email: kim.boyle@phelps.com

**ATTORNEY FOR PLAINTIFF, SEAN O'SULLIVAN, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Kim M. Boyle*